Argued and submitted September 23, 1987, affirmed March 9, 1988

In the Matter of the Marriage of

### WEBB,
*Respondent,*
*and*

### WEBB,
*Appellant.*

### STATE ex rel WEBB,
*Respondent,*

*v.*

### WEBB,
*Appellant.*

### (77-766-E; CA A42540)

750 P2d 1173

Craig S. Galpern, Medford, argued the cause for appellant. With him on the brief was Holmes, James, Galpern & McCollum, Medford.

Clayton C. Patrick, Salem, argued the cause for respondent. On the brief were Michael J. Bird and Brown, Hughes, Bird, Lane & Simcoe, Grants Pass.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Wife appeals an order modifying a judgment of dissolution to require her to pay $75 per month in child support and an order finding her in contempt for violation of a restraining order. We affirm.

In a previous modification proceeding, father was awarded custody of the parties' daughter, who is presently 15 years old. At that hearing, mother was not present, so the court specifically left open the question of whether mother should be required to pay child support. Before that hearing, on July 22, 1986, the court had issued an order restraining mother from disposing of the daughter's horse.

Mother was served with an order to show cause why she should not be held in contempt for violation of the restraining order. She was also notified that father was seeking child support. The court found that mother had sold the horse and held her in contempt. It also ordered her to pay $75 per month child support.

■ Mother's first claim of error is that there was no change of circumstances after the change of custody to justify the order for her to pay child support. There was a material change of circumstances when the court modified the judgment to change custody of the parties' daughter on September 24, 1986. At that time the court made it clear that it was reserving the support issue until mother was present. Under those circumstances, the change of custody is a sufficient basis for awarding support. Mother does not challenge the amount of support.

■ Mother next contends that the court did not have authority to modify the judgment in a contempt proceeding. The court had continuing jurisdiction of the parties and the subject matter. A court has authority to modify a judgment of dissolution if the parties have notice of a hearing for that purpose. *Eusterman and Eusterman,* 41 Or App 717, 598 P2d 1274 (1979). The notice of the hearing for mother to show cause why she should not be held in contempt told her that payment of child support by her would also be an issue. She came prepared with some relevant financial information. We conclude that the court had authority to modify the judgment.

Mother, in her last assignment, contends that there

was not sufficient evidence that she willfully sold the horse after the restraining order was issued. She testified, rather evasively, that the horse was sold long before the order was issued and, consequently, that she had not violated the later order. Father and daughter both testified that they saw the horse at mother's residence after the restraining order had been issued. We see no reason to disturb the trial court's credibility determination when it accepted father's and daughter's testimony.

Affirmed. Costs to father.