Argued and submitted April 6, affirmed as modified June 20, 1990

In the Matter of the Marriage of

Phyllis Lani STAAB,
*Respondent,*
*and*
Lance D. STAAB,
*Appellant.*

(D8808-65340; CA A62262)

793 P2d 350

Marvin S. Nepom, Portland, argued the cause and submitted the brief for appellant.

Frank M. Ierulli, Portland, argued the cause and submitted the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Husband appeals from a judgment of dissolution, arguing that the trial court erred in awarding spousal support to wife. On *de novo* review, we delete the provision for spousal support.

The parties were married in 1961 and have three grown children. Husband, who is 50 years old, has a high school education plus one year of college. He and wife had built up a nursery business, where he worked as a nurseryman, propagator and landscaper for many years. Wife, age 48, had worked as the nursery's bookkeeper and secretary during the marriage. At the time of trial, she had just completed a two-year degree in Hospitality and Tourism and intended to continue her education in tourism.

During most of the marriage, the nursery provided the parties with a comfortable income. However, the parties separated three years before trial, and thereafter the business produced little income. Since the separation, husband has lived with his mother in her trailer, paying her $50 per month for food and rent when he can afford it. At trial, he testified that he and his son had withdrawn up to $500 per year from cash sales at the nursery and that the nursery had paid maintenance and operational expenses for his car. However, he had received no salary, and his only other source of income was $1,100 earned by officiating at basketball games. Since the separation, wife has lived in the family home, which is located on the same large parcel of land as the nursery. According to her testimony, she had drawn advances and paychecks from the nursery for the past four or five years. She had no outside employment.

The judgment provided that the nursery business and property, worth approximately $584,000, were to be sold as soon as possible and that the proceeds were to be divided equally between the parties. Until that time, the parties were to continue to run the business as equal partners, with the business paying all necessary business and family home expenses, medical insurance premiums for both parties, automobile expenses for both parties and, if possible, $500 per party per month for personal expenses. It divided the parties' remaining assets and liabilities equally. It also awarded wife spousal support of $350 per month for three years, to begin 30

days after disbursement of the proceeds from the sale of the family business.

Husband argues that the trial court erred in awarding wife spousal support. He points out that, in dissolving a long-term marriage, the court's goal is to leave the parties in approximately equal positions. *Pierce and Pierce,* 70 Or App 24, 28, 688 P2d 114 (1984). According to husband, when the nursery business and property are sold, each party will receive the same amount of income-producing property. Moreover, he contends, wife's earning capacity, both present and future, is equal to or greater than his own. Because the parties have separated on equal terms, both as to property and income-producing capacity, he argues, there is no basis on which to award wife spousal support.

■ We agree. "A support * * * order must be based on the evidence as it exists on the date it is entered." *Rice and Rice,* 60 Or App 95, 99, 652 P2d 877 (1982). At the time of trial, the evidence showed that husband's income was negligible. He was not highly educated, and the only work that he had ever done was related to the family business. He testified that, as a propagator, he might make as much as $20,000 per year, without any job-related benefits. However, he had no prospects for finding such a job and wished to get out of the nursery business. When asked what other type of job he expected to find, he stated:

> "I don't know. I don't know. I'll have to go back to school, or do something. There's—It's tough out there in the nursery business."

■ The trial court recognized that it had "heard absolutely nothing about [husband's] ability to earn in the future." It also observed that, although husband might be an expert in the field of propagation of plants, "I don't know what that means he can earn as an employee in the workplace." It nevertheless concluded:

> "My instinct is that [wife] does have the right to receive some spousal support, and the Court will award a small amount."

Unless supported by the evidence, the trial court's "instincts" are an improper basis on which to award spousal support. In this case, there is no evidence to indicate that husband has a

greater earning capacity than wife. Given the property division, husband and wife will separate on an approximately equal basis, without the provision for spousal support. Accordingly, we delete that portion of the judgment.

Judgment modified to delete provision for spousal support; affirmed as modified. No costs to either party.