Submitted on record and brief October 31, 1991, reversed and remanded
April 8, 1992

In the Matter of the Marriage of

Mary Angela UPPENDAHL,
nka Trierweiler,
*Appellant,*

*and*

Kenneth Edward UPPENDAHL,
*Respondent.*

(104680; CA A68934)

828 P2d 1048

Kerry D. Montgomery, Portland, filed the brief for appellant.

No appearance for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Mother appeals an order requiring her to pay $100 per month in child support. She argues that the court erred in applying the Uniform Child Support Guidelines, ORS 25.270 to ORS 25.285, and in ordering a step increase based on her earning potential. We reverse.

The parties' marriage was dissolved in 1978. Under the original dissolution judgment, mother was awarded custody of the parties' child and father was ordered to pay $150 per month as child support. In August, 1989, father moved to modify the judgment to award him custody of the child and to order mother to pay child support. The parties agreed to submit affidavits in lieu of a formal appearance. They stipulated to the change of custody and, on February 20, 1991, the court entered an order requiring mother to pay $50 per month as child support for the period January 1, 1990, through December 31, 1990. Beginning January 1, 1991, the support obligation increased to $100 per month. Mother challenges only the increase to $100 per month.

Mother concedes that, based on her past earnings of $800 per month, the presumptively correct support obligation under the guidelines is $106 per month. However, she argues that the court erred in failing to find that the presumptive amount had been rebutted because of her special hardships. She states in her affidavit that her highest income since the parties' dissolution was $6 per hour and that, for the last three to five years, she has averaged about $9,000 per year. She was unemployed for a period of time and received disability payments because of head injuries suffered in an automobile accident in February, 1990. She is now working only 20 hours per week, earning $462 per month, because her doctor has not yet released her for full-time work. Finally, she points out that father earns $2,350 per month, is provided with a company car and is living with a woman who is employed full-time and owns the home in which they live.

Mother's argument appears to be, in part, that the court improperly failed to consider the uncontroverted facts in her affidavit because, if it had, it would have found that the presumptive amount was unjust and inappropriate and that, therefore, the correctness of that amount was rebutted. The

trial court has discretion in determining whether a presumptive obligation has been rebutted. ORS 25.280;[1] *see also* OAR 137-50-490.[2] The record shows that the court did, in fact, consider mother's financial and physical circumstances in making its decision. In its opinion letter, the court said:

> "[Mother] has been unemployed for an extensive period of time and has had an auto accident. This modification motion was filed approximately one year ago and has taken a long time to get to trial and the Court is going to take that into consideration as well when setting the effective date of the child support."

Consistently with that, the court set mother's initial support obligation below the presumptive amount, at $50 per month, with an increase to $100 per month after one year.

■     Mother also argues that the court erred in increasing her support obligation to $100, because that amount is based on her "speculative earning potential." She contends that the court may not consider her potential income, because she is not now working full-time. That is incorrect. OAR 137-50-360(1) provides:

> "If a parent is unemployed, *employed on less than a full-time basis* or there is no direct evidence of any income, *child support shall be calculated based on a determination of potential income.* For purposes of this determination, there shall be a rebuttable presumption that a parent can be gainfully employed on a full-time basis." (Emphasis supplied.)

Because mother works less than full-time, the rule *requires* that her support obligation be based on her potential income. That may be determined from her "recent work history, occupational qualifications, or prevailing job opportunities and earnings levels in the community." OAR 137-50-360(2)(a).

---

[1] ORS 25.280 provides that the amount determined by the basic guideline formula

"shall be a rebuttable presumption and a written finding or a specific finding on the record that the application of the formula would be unjust or inappropriate in a particular case *shall be sufficient to rebut the presumption.*"

[2] Some of the rules implementing the guidelines were amended, effective January 1, 1991, and March 1, 1991, but the amendments are not applicable in this case.

■    However, the court's consideration of a parent's "potential income" must be based on facts that exist on the date of the order, and the presumption that mother can be employed full-time may be rebutted by a showing that she is, at the present time, unable to obtain full-time work at minimum wage. OAR 137-50-360(1). In its opinion order, the court also said:

> "I know from the latest affidavit by the petitioner that she is earning $5.20 per hour, working 20 hours per week. *Certainly with the educational background of the petitioner she can do better[;] she can obtain better employment and for more hours*. The Court is going to take this into consideration in setting the amount of child support." (Emphasis supplied.)

There is unchallenged evidence that, at the time of the order, mother could not work longer hours or obtain better employment, because her doctor had not yet released her for full-time work because of her injuries in an automobile accident. It was improper for the court to speculate on what mother could be making when, at some time in the future, she fully recovers from her injuries.

On *de novo* review, we conclude that mother is not physically capable of performing full-time work at the present time. Accordingly, the presumption that she can work full-time has been rebutted, and the court erred in increasing her monthly support obligation from $50 to the presumptive amount of $100 after one year.

Reversed and remanded. Costs to mother.