Argued and submitted September 11, 1992, remanded with instructions; otherwise affirmed May 12, 1993

In the Matter of the Marriage of

Dawn Delores FURLONG,
*Respondent,*
*and*

Paul Vincent FURLONG,
*Appellant.*

(D9012-70356; CA A73143)

852 P2d 233

William J. Howe, III, Portland, argued the cause for appellant. With him on the brief was Howe, Harris & Vigna, Portland.

Jacqueline L. Koch, Portland, argued the cause for respondent. With her on the brief were Mark A. Johnson and

Gevurtz, Menashe, Hergert, Larson & Kurshner, P.C., Portland.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Husband appeals from a judgment of dissolution, arguing that the trial court erred in awarding spousal support to wife. On *de novo* review, we modify the award of support.

The parties were married in 1975. Wife had six children from a prior marriage, two of whom were adopted by husband. At the time of trial, wife was 56 and husband was 50. Husband was in prison, having been convicted of sexually abusing two of wife's grandsons. He is expected to serve less than the two-year sentence imposed. Husband has a masters degree in counseling psychology. Before his convictions, he worked as a counselor and counselor trainer and was teaching seminars on the college level. He earned approximately $40,000 per year in the years immediately preceding his convictions. Wife has a college degree in social work. She has a varied work history, but is currently employed in an office doing medical reception and transcription. She earns approximately $1,734 per month gross.[1]

The trial court awarded the "long half" of the marital property to wife, while husband assumed almost all of the marital debt, which totalled about $34,000. Taking into account husband's criminal convictions, his past income, his skills and his training, the court found that husband had an earning capacity of about $25,000 per year and awarded wife permanent spousal support of $750 per month. The order provided that husband's full support obligation would not begin until 60 days after his release from custody and that, while in prison, his support obligation would be reduced to 50 percent of his actual income.

■ Husband argues that the trial court erred in its award of spousal support to wife. He contends that the award was improper because the trial court's determination that husband could earn $25,000 per year after his release from

---

[1] Husband contests this figure, arguing that it is inconsistent with the pay stubs wife submitted as evidence of her earnings. However, wife testified that the pay stubs reflected her earnings over several months with varying amounts of overtime. She stated that she does not always work overtime, and that her salary averages approximately $1,700 per month. Husband did not present contrary evidence at trial or contest her uniform support affidavit, which showed that amount. The trial court's finding that her income was approximately $1,734 per month was supported by the evidence, and we agree with it.

prison was too speculative and was not supported by the evidence. Moreover, husband argues that, because there is uncertainty about the impact of his convictions on his employment opportunities, the trial court should not have made any estimate of what his earning capacity would be after his release.[2]

Husband relies on a number of cases in which we have refused to award or modify spousal support awards because we have concluded that, based on the information available to the court, it would be too speculative to predict changes in one or both parties' earning capacity. However, those decisions have been based on our conclusion that, under the particular circumstances, there simply was not sufficient evidence to make an informed prediction. *See Staab and Staab*, 102 Or App 233, 793 P2d 350 (1990); *Milford and Milford*, 98 Or App 586, 779 P2d 630 (1989). We have never held that a court is precluded from forecasting a person's earning capacity in appropriate circumstances.

In *Gable and Gable*, 89 Or App 664, 750 P2d 534 (1988), the husband made an argument somewhat similar to husband's in this case. He was a dentist who had been earning approximately $90,000 per year. Two months before trial, he quit practicing dentistry. He testified that he intended to redirect his career into teaching or another profession and, at the time of trial, he was receiving unemployment benefits. He argued that, in setting spousal support, the court was limited to considering his present income. We rejected husband's argument, pointing out that ORS 107.105(1)(d) allows a court to consider a number of factors other than actual income at the time of trial to determine earning capacity. 89 Or App at 668. ORS 107.105(1)(d)(D) provides that one of the factors to be considered in determining spousal support is

> "[t]he earning capacity of each party, including educa-
> tional background, training, employment skills and work
> experience[.]"

In *Gable*, we considered the husband's work experience, his skills and his training and decided that he continued to have

---

[2] Husband attempts to rely on our decision in *Uppendahl and Uppendahl*, 112 Or App 283, 828 P2d 1048 (1992). That case does not control here, however, because it concerns the determination of a party's income as related to child support, which is subject to different criteria. ORS 25.270 to ORS 25.285.

an earning capacity of approximately $90,000 per year. We awarded spousal support accordingly. 89 Or App at 669.

The critical question in this case is whether there is enough information to make an informed prediction as to changes in future earning capacity. The trial court here recognized that husband's convictions did result in some uncertainty in his counseling career and would impact his earning capacity. Nonetheless, the court believed that there was sufficient information to make a reasonable assessment as to what husband would be able to earn when he was released from prison, and we agree.

Husband did lose his counseling license and certainly may have more limited employment opportunities than he once had. However, wife testified at trial that husband did not need a counseling license to teach at the college where he had been working and that husband continued to have an excellent reputation and the support of at least some of his peers. Husband testified that he was uncertain about his prospects and that he hoped that training positions would still be open to him. He indicated that he was going to make every effort to return to his career as much as he could. Even if husband is not able to return to his career as a counselor or teacher, he is an educated, skilled and, as indicated by his testimony, articulate person who has the capacity to earn an income in another endeavor. His return to some type of income-producing work is more than a speculative possibility; it is highly probable. We believe that the trial court's prediction that he had the capacity to earn approximately half of his prior income was reasonable, and we adopt that finding.

■    Husband also argues that the award of spousal support was error, because wife does not need spousal support due to the fact that she has a sufficient income of her own and because she received the "long half" of the marital assets. Wife's "long half" of the assets was only about $4,800. However, we do agree with husband that, considering both parties' earning capacity, the spousal support award was excessive. Wife earns approximately $1,734 per month and, under our assessment of husband's earning capacity, he will earn at least about $2,083 per month. We conclude that wife's spousal support award should be modified to $450 per month.

Remanded with instructions to modify judgment to award wife spousal support of one-half of husband's prison salary during incarceration, to increase to $450 per month 60 days after his release from prison; otherwise affirmed. No costs to either party.