Argued and submitted October 9, 1992, vacated in part and remanded in part on cross-appeal; affirmed on appeal July 28, reconsideration denied September 15, petition for review denied October 26, 1993 (318 Or 25)

In the Matter of the Marriage of

Norman A. NEWTON,
*Respondent - Cross-Appellant,*
*and*

Shari L. NEWTON,
*Appellant - Cross-Respondent.*
(87-DO-0344-WE; CA A71625)

857 P2d 171

Lynn F. Jarvis, Bend, argued the cause for appellant - cross-respondent. With her on the briefs was Holmes, Hurley, Bryant, Lovlien & Lynch, Bend.

Susan Elizabeth Reese, Portland, argued the cause for respondent - cross-appellant. With her on the brief was Reese & Goffredi, Portland.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Wife appeals from an order modifying a judgment of dissolution. The trial court determined that there were changed circumstances justifying an increase in spousal support from $200 per month to $340 per month. Wife argues that the increased amount is insufficient in the light of the purposes of the initial award of spousal support. Husband cross-appeals, arguing that the trial court erred in finding a substantial change in circumstances justifying a modification of spousal support. On *de novo* review, we reverse.

The parties were married for 31 years. A dissolution judgment was entered in 1988. At that time, husband, 51, earned approximately $30,000 per year as a construction inspector. Wife, 50, had worked only occasionally during the marriage. The trial court found that her earning ability was diminished due to her limited employment history and the length of the marriage. The dissolution judgment awarded wife spousal support of $500 per month for 30 months, to allow her to complete her education, and $200 per month thereafter, until she becomes eligible for social security benefits. At that time, spousal support would terminate. In determining an appropriate spousal support award, the original trial court anticipated that wife, after completing her education, would be able to earn a net income of approximately $800 per month and that husband's monthly net income would be approximately $1,200.

In November 1990, wife moved to modify the spousal support award, requesting that it be increased to $1,000 per month. She contends that her income, after completion of her education, is substantially below that anticipated by the original decree and that husband's income is the same or greater. Wife argues that this constitutes a substantial change in circumstances justifying a modification of spousal support under ORS 107.135(1)(a).

Approximately one week before the modification hearing, wife received an associate degree in computer assisted drafting. She had not yet been able to find employment in that field. She testified that a person working in an entry level position in the computer drafting field would earn $5 to $6 per hour. Brochures from the college from which she

graduated indicate that a person in an entry level position could expect to earn between $6 and $9 per hour. At the time of the hearing, wife was providing adult foster care in her home and, according to her estimates, was earning $267 per month.

We first address the issues raised in husband's cross-appeal, because they are dispositive. Husband argues that the trial court erred in concluding that there was a substantial change in circumstances justifying a modification of spousal support. Because wife sought the modification, she had the burden of proving that there was a substantial change of circumstances that was unanticipated at the time of the initial award. *Grage and Grage*, 109 Or App 311, 819 P2d 322 (1991). We conclude that wife did not meet that burden.

The evidence establishes that, if wife worked full time in the field of computer assisted drafting, she could earn a monthly gross income of between $960 and $1,440. Although she has not yet found a job in her field, her argument that she is unemployable is premature. She graduated only one week before the hearing and had applied for only four positions. Wife argues that any determination of her earning capacity on the basis of her associate degree is speculative, because at the time of the hearing she had not yet obtained a job in the field of computer drafting. Relying on *Rice and Rice*, 60 Or App 95, 652 P2d 877 (1982), she argues that the modification of spousal support must be made on the basis of her actual income at the time of the hearing, which she asserts is $267 per month.

A support or modification order must be based on the evidence as it exists at the time of the hearing. *Rice and Rice, supra*, 60 Or App at 99. However, the court's decision does not have to be made on the basis of the party's actual income at that time. ORS 107.105(1)(d)(D) provides that, in determining whether an award of spousal support is appropriate in the initial judgment, the court shall consider:

> "The *earning capacity* of each party, including educational background, training, employment skills and work experience[.]" (Emphasis supplied.)

ORS 107.135(3)(a) provides that, in determining whether there is a substantial change in circumstances,

> "[t]he court shall consider *income opportunities* and benefits of the respective parties from all sources * * *."
> (Emphasis supplied.)

As we discussed in *Furlong and Furlong*, 120 Or App 105, 852 P2d 233 (1993), if there is sufficient information in the record for the trial court to make an informed assessment of a party's earning capacity, it is permissible for the court to do so. We agree that wife's earning capacity, rather than her actual earnings, is material.

■    In reviewing a modification decision, we must begin with the provisions of the original decree. *Bates and Bates*, 303 Or 40, 733 P2d 1363 (1987). A modification request may not serve as a mechanism to reargue the original decision. In fashioning the original judgment, the court carefully explained the reasons for the spousal support that it ordered:

> "Regarding the issue of spousal support, as indicated in the earlier hearing, the Respondent needs to become employed. Even if she is going to school, she needs to be employed on a part-time basis. There simply [are] not enough assets and earnability to allow the Respondent to remain unemployed and still attend [*sic*] education. There is no way that I can find sufficient monies within what I have to work with to enable the Respondent to do that.
>
> "Because of the length of the marriage and these other factors [wife] is entitled to a temporary spousal support in an amount which will enable her to obtain an education or vocational training aimed towards increasing her earning power.
>
> "* * * * *
>
> "I award Respondent the sum of $500 per month for spousal support for a period of 30 months. That is a sufficient period of time to allow her to be retrained or get sufficient education to enter the job market above minimum wage status. Thereafter, the spousal support will decrease to the sum of $200 per month and will remain in effect until Respondent is eligible for social security.
>
> "The reason for permanent spousal support in this context is that regardless of the education that Respondent obtains or vocational training, her earning power will never suffice to rise to the level of the standard of living that she

enjoyed while married and the standard of living that she gave up by being a homemaker for a 31-year period."

The court anticipated that wife would be able to earn a monthly net income of $800 after completing her education. We conclude that, based on the evidence in the record, wife's present earning capacity is comparable to that anticipated by the original trial court in determining the award of spousal support. Further, husband's income has not changed substantially from what the original judgment anticipated. The court concluded that husband would continue to earn a net income of approximately $1,200 per month. For the five months before the modification hearing, husband earned a net income of approximately $1,000 per month.

On the basis of the evidence presented at the modification hearing, we do not agree with the court's conclusion that there was a substantial change of circumstances justifying a modification of the original judgment. The parties' incomes and circumstances do not differ significantly from the circumstances that the trial court anticipated in setting the spousal support award. Accordingly, the original spousal support award should not have been modified.

Wife also argues that spousal support should not terminate upon her receipt of social security benefits, because she will receive an amount equal to only one-half of the benefits that husband will receive. The original judgment provided that spousal support shall terminate on wife's receipt of social security benefits. As discussed above, there is no change of circumstances to justify a modification of that provision.

■ Wife also argues that husband should be required to comply with the provision in the dissolution judgment that husband provide her with health insurance, if he can do so at no cost. If husband has not complied with that portion of the dissolution judgment, wife may institute contempt proceedings against husband under ORS 33.015 through ORS 33.155. However, husband received no notice in the show cause order for modification of the spousal support award that his compliance with the health insurance provision would be at issue in the modification hearing. At the hearing,

wife presented evidence that she did not have health insurance. However, there was no evidence in the record regarding husband's ability to provide health insurance coverage for wife. Under these circumstances, husband's compliance with the dissolution judgment was not an issue properly before the court below, and is not properly before this court. *See Webb and Webb*, 90 Or App 45, 750 P2d 1173 (1988).

Wife also assigns as error the trial court's failure to award her attorney fees. Under ORS 107.135(7), we review awards of attorney fees for abuse of discretion. *See Hogue and Hogue*, 115 Or App 697, 839 P2d 760 (1992), *mod* 118 Or App 89, 846 P2d 422 (1993). The trial court did not abuse its discretion in determining that wife was not entitled to an award of attorney fees.

In view of our holding, it is unnecessary to discuss wife's remaining assignments of error.

On cross-appeal, order modifying spousal support vacated and remanded for reinstatement of original spousal support award; affirmed on appeal. No costs to either party.