455

Argued and submitted May 18, 1992, reversed and remanded with instructions
November 17, 1993

Misty A. FETTIG,
*Respondent,*

*and*

Albert Joseph KAILES,
*Appellant.*

(D9006-65217; CA A71038)

863 P2d 476

Ira L. Gottlieb argued the cause for appellant. With him on the brief were Lawrence D. Gorin and Keller, Gottlieb & Gorin.

Charles D. Gazzola argued the cause for respondent. With him on the brief was Stahancyk, Gazzola & Gearing.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Father seeks modification of an order requiring him to pay $900 per month child support. He contends that the trial court erred in calculating mother's income and in not further reducing the presumptive support obligation under the Uniform Child Support Guidelines. OAR 137-50-320 to OAR 137-50-490. Because the trial court erred in calculating mother's income, we reverse and remand for recalculation of support.

Father and mother were not married and they had a child after a brief relationship. Mother brought an action to establish paternity and determine child support. Father did not contest paternity. The trial court found that, under the guidelines, father's total monthly obligation would be $1,270. It concluded that that amount was inappropriate under the circumstances and ordered monthly support of $900.

Father assigns error to the court's determination of mother's income. The trial court found that mother's actual monthly income is $1,200 and that her potential monthly income is $1,500. Although we do not necessarily agree with all of father's specific contentions, the court's calculations are not all supported by the record.

First, the trial court apparently did not consider OAR 137-50-350 in determining mother's income as a self-employed hairdresser. Under OAR 137-50-330(1), the first calculation is each parent's "gross income." OAR 137-50-320(3) defines gross income and directs the court to OAR 137-50-350 for determining the gross income of parents who are self-employed. That provision should be considered on remand.

Second, the court used mother's *actual* monthly income instead of her *potential* monthly income to determine the parties respective support obligations. Mother works part time. OAR 137-50-360(1) requires the court to use her potential income unless she cannot obtain gainful full-time employment. *Uppendahl and Uppendahl*, 112 Or App 283, 828 P2d 1048 (1992). The record does not support a finding that mother cannot obtain full-time employment. She elected to work part time in order to spend more time with her child.

■ Third, father argues that the trial court failed to consider federal and state child care tax credits. OAR 137-50-420. Mother argues that there was no evidence regarding such tax credits. However, under the guidelines, the only evidence required is that of the child's monthly day care costs. Exhibit 1 in OAR 137-50 provides a worksheet and tables for calculating the proper amounts. Mother introduced evidence of child's day care costs, and the court should have calculated the appropriate tax credits.

■■ Father also assigns error to the trial court's calculations for deviating from the presumptive support figure. He argues that, in deviating from the guideline amount, his child support obligation should be limited to the cost of the actual needs of the child. We disagree. The guidelines make the child's needs a consideration for deviating but do not limit the deviation to that consideration. OAR 137-50-330(2)(a); *see also* ORS 25.275(2); *Bailey and Bailey*, 108 Or App 678, 816 P2d 1195 (1991). Father also contends that the trial court, in deviating from the presumptive support amount, erred by considering mother's reduced income because she works part time instead of full time. The court found that it was desirable for the mother to stay home part time to be with the child, and it considered this fact in calculating the ultimate support amount. That consideration is not prohibited by the guidelines. OAR 137-50-330(2).

Reversed and remanded for recalculation of child support. No costs to either party.