Argued and submitted April 20, remanded in part; otherwise affirmed
September 27, 1995, petition for review denied March 6, 1996 (322 Or 644)

# In the Matter of the Marriage of

## Kenneth R. MAIER,
*Appellant,*
*and*

## Barbara J. MAIER,
*Respondent.*

(15-93-05864; CA A85499)

902 P2d 1214

John C. Fisher argued the cause for appellant. With him on the brief was David Dickens.

George W. Kelly argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Husband appeals from a trial court order that modified a judgment of dissolution by increasing spousal support and making it indefinite. On *de novo* review, we modify the judgment.

The parties were married for 28 years and had five children. A dissolution judgment was entered in Alaska in 1989. The judgment incorporated a settlement agreement reached by the parties concerning the property division and spousal support award. Pursuant to the agreement, wife was awarded $700 per month spousal support, which was to terminate in June 1996, or upon the sale of the parties' property in Florence, whichever came first. Wife was to receive 75 percent of the net proceeds of that sale. The parties testified that the Florence property was worth about $300,000 to $350,000 at the time of the modification proceeding. Under the settlement agreement wife was to receive $45,000 to $105,000 from the sale of the house, depending on how husband was compensated for additional money that he had spent on improvements for the house. The record does not include any other information regarding the parties' property settlement.

At the time of the dissolution, husband, who is a medical doctor, was earning $66,000 per year and had remarried.[1] His new wife was earning about $21,000 per year. At the time of wife's motion to modify spousal support, husband's income had increased to $101,000 per year and his new wife was earning $34,000 per year. Wife was employed sporadically throughout the marriage at fairly low-paying jobs. She worked as a clerk in a gift shop, at Sears and in husband's medical clinic. Both husband and wife testified that, at the time of the dissolution, they thought that she could obtain full-time employment in Eugene. After the dissolution, wife attended classes at Lane Community College part time. She also started working part time at Sacred Heart Hospital. During that time, two of the parties' children were living with her. Apparently, the children needed extra attention due to

---

[1] Alaska law allowed a bifurcated dissolution proceeding. The parties were legally divorced, husband remarried and a final dissolution judgment was entered thereafter.

difficulties adjusting to their parents' divorce. Wife eventually stopped attending school because of the demands of working and caring for the children. At the time of the modification hearing, she was working part time at Sacred Heart Hospital, making about $8.50 per hour and working 16 to 20 hours per week. She received no benefits. None of her children were then living at home, except during summer vacations. She testified that since 1991, she has been seeking full-time employment at the hospital, at "lots of doctors offices," and by responding to classified ads, but that she has been unable to obtain a full-time job.

The trial court found that there had been a substantial change of circumstances and modified the spousal support award to $2,000 per month for an indefinite duration. The court found the following change of circumstances:

"A.   That [husband] has had a substantial increase in his income since the entry of the Decree of Dissolution;

"B.   [Husband] has remarried and his current spouse has substantial earnings;

"C.   [Wife] has not earned a substantial income since the entry of the Decree of Dissolution and is not currently earning a substantial income; and

"D.   At [Wife's] age it will be extremely difficult for her to re-enter the work place."

■   Husband argues that the trial court erred in finding a substantial change of circumstances. He argues alternatively that, even if wife did establish a change of circumstances, the amount and duration of support awarded by the court was not justified by the evidence in the record. An award of spousal support may be modified based on a finding that there was a substantial, unanticipated change in economic circumstances since the time of the earlier award. ORS 107.135(2)(a); *Newton and Newton*, 122 Or App 52, 55, 857 P2d 171, *rev den* 318 Or 25 (1993). The party seeking the modification has the burden of proof. *Grage and Grage*, 109 Or App 311, 315, 819 P2d 322 (1991).

■   Husband first contends that the trial court erred in relying on his increase in income as evidence of changed circumstances. An increase in income of the payor spouse may be pertinent in deciding if the payor has the ability to pay

increased support made necessary by a substantial and unanticipated change in the parties' economic circumstances. However, husband is correct that a payor's post-dissolution increase in income, *in itself*, does not constitute a change of circumstances warranting an increase in spousal support. *Grady and Grady*, 128 Or App 114, 117, 875 P2d 1174, *rev dismissed* 319 Or 626 (1994); *Hill and Hill*, 31 Or App 41, 45, 569 P2d 686 (1977).

■ Husband also contends that wife's inability to obtain a well-paying, full-time job does not constitute a substantial and unanticipated change of circumstances. Both husband and wife testified that, at the time of the dissolution, they believed that wife could obtain full-time work because of her experience in the medical field. However, despite her efforts for at least three years to obtain such employment, she has been unable to do so. Further, due in part to the need for her to care for the parties' children, who were living with her, and to help them adjust to the dissolution, she was also not able to complete a retraining program which might have assisted her in obtaining full-time employment. Based on the above considerations, we believe that wife has shown a substantial and unanticipated change of economic circumstances. *See Johnson v. McKenzie*, 100 Or App 640, 643, 787 P2d 1306 (1990).

■ We agree with husband's alternative argument, however, that the evidence does not justify either the amount or duration of spousal support awarded by the trial court. An adjustment made in a modification proceeding must be limited to allowing the parties to adjust to the unanticipated change of circumstances. *See Newton and Newton*, 122 Or App at 56 (modification proceeding may not serve as a mechanism to relitigate the original dissolution proceeding). Here, there is no evidence that the change in circumstances eliminated wife's prospects for full-time employment or in any other way justified the amount and duration of the court's modification. However, that change did *delay* wife's ability to obtain additional training or job experience and, consequently, to obtain full-time employment. Because of that, we conclude that the spousal support award in the original decree of $700 per month should not terminate on the sale of the Florence property and should continue for an additional six years until June 1, 2002.

Remanded for entry of modified judgment awarding wife $700 per month spousal support until June 1, 2002, commencing on August 12, 1994; otherwise affirmed. No costs to either party.