Argued and submitted November 7, affirmed December 13, 2000

In the Matter of the Marriage of

Cynthia Louise BOCK,
*Respondent,*

*and*

Edmund James BOCK, Jr.,
*Appellant.*

(95-0571; CA A108889)

15 P3d 609

Russell Lipetzky argued the cause and filed the brief for appellant.

Andrew S. Noonan argued the cause for respondent. With him on the brief was Long, Delapoer, Healy, McCann & Noonan, P.C.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

## BREWER, J.

Husband moved to terminate his spousal support obligation to wife under the judgment dissolving the parties' marriage. Husband asserted that, because of wife's remarriage and her full-time employment, the spousal support award was no longer warranted. He appeals from the trial court's dismissal of his motion at the close of his evidence. ORCP 54 B(2). We affirm.

The parties' 17-year marriage was dissolved by a judgment entered in August 1995. The judgment awarded indefinite spousal support to wife in the amount of $800 per month. The judgment recited the following purposes for the support award:

> "Spousal support has been awarded to [wife] in recognition of the length of the parties' marriage, the parties' respective employment and the fact that there is a great disparity between [husband's] income and [wife's] income. Further, the parties have agreed to the award of said support indefinitely in recognition of the above-facts and the fact that [wife] is being awarded the real property pursuant to the dissolution of marriage subject to indebtedness which must be serviced on a monthly basis."

Wife remarried in August 1997. In August 1998, husband moved to modify the judgment to terminate his spousal support obligation. Husband testified at trial and also called wife and her current husband as witnesses.

We summarize the relevant evidence in the record. Wife was working part-time as a teacher before the dissolution but began teaching full-time in September 1995. Her present gross employment income is about $2,500 per month. Husband currently earns $4,800 per month in gross income from employment. Wife's current husband, who owns a minority interest in a business, earns approximately $2,500 per month in gross income as an employee of the business. The evidence was in conflict with respect to how much, if any, additional income is available to wife's household by virtue of business income that is taxable to wife's husband but that may not be distributable to him. As the judgment recites,

wife was awarded the parties' marital residence in the property division. The monthly payments on the residence have increased since the time of dissolution as a result of increased property taxes. Wife also took out a second encumbrance against the residence to refinance her current husband's separate debts. According to wife, because her husband makes the monthly payments on the encumbrance, he contributes only $600 per month toward family expenses.

At the conclusion of husband's case, wife moved to dismiss[1] husband's motion on the ground that he had failed to establish a substantial change in wife's economic circumstances. ORS 107.135(2)(a). The trial court granted the motion and made findings of fact in the ensuing judgment of dismissal. Among its findings, the court determined that wife's husband "provides only the sum of $600 per month potential available income to the marital household. The court finds said sum as contribution to the household does not constitute a significant or substantial change of circumstance." The court also found that it "was clearly foreseeable that [wife] would work full time following the divorce and that she may remarry."

■ On appeal, husband contends that "[t]he [trial] court erred procedurally in granting the motion to dismiss before hearing all of the evidence, and the court erred substantively in concluding that [h]usband did not present evidence of a change in circumstances sufficient to modify the support order."

■ It is true that the trial court dismissed husband's claim based on findings that resolved disputed issues of fact. In other words, the court weighed the evidence after hearing

---

[1] At trial, wife styled her motion as a motion for "directed verdict." On appeal, the parties agree, as do we, that the motion should be treated as a motion for dismissal based upon ORCP 54 B(2), which provides:

"After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a judgment of dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment of dismissal against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment of dismissal with prejudice against the plaintiff, the court shall make findings as provided in [ORCP] 62."

only one side of the case. We agree with husband that dismissal of a domestic relations proceeding based on findings before the opposition has put on a case should be granted only in clear cases. *McJunkin and McJunkin*, 90 Or App 1, 3, 750 P2d 1164 (1988); *Castro and Castro*, 51 Or App 707, 626 P2d 950 (1981). If the matter ended there, we might share husband's view that the court dismissed the proceeding prematurely. However, we conclude that the dismissal was correct for a different reason. In her motion to dismiss, wife also asserted that "[t]here's been no testimony as to what husband's income was at the time of the [dissolution], no testimony or presentation of evidence as to what wife's income was at the time of the [dissolution], certainly nothing presented to rebut, essentially, the increase in the mortgage obligation." Wife renews that argument on appeal as an alternate basis on which to affirm the trial court's ruling.

 In reviewing a dismissal under ORCP 54 B(2), we consider the entire record to determine whether there was evidence to establish each of the essential elements of the plaintiff's claim. *Clark and Clark*, 171 Or App 205, 210, 14 P3d 667 (2000). A spousal support award may be terminated only when a change in circumstances demonstrates that the purposes of the award have been satisfied. *Rubey and Rubey*, 165 Or App 616, 620-21, 996 P2d 1006 (2000). The remarriage of the obligee spouse, alone, will not suffice to establish such a change in circumstances. *Fouts and Fouts*, 98 Or App 483, 487 n 4, 779 P2d 145, *rev den* 308 Or 660 (1989). Husband argues that the evidence showed that wife's and her husband's employment earnings provide sufficient income to her household so as to satisfy a principal purpose of the award. We disagree.

██ The judgment of dissolution recites that support was awarded, in part, because "there is a great disparity" in the parties' respective incomes.[2] Although wife testified that husband's income was twice her own when their marriage was dissolved, there was no evidence in the record of the *amount*

---

[2] Husband does not argue that any of the other express purposes of the support award were satisfied. We assume that husband would be entitled to modification of the award merely by establishing that the disparity in the parties' incomes had been ameliorated.

of either party's income or the amount of the disparity between their incomes at the time of dissolution. The absence of proof on that issue is of more than academic concern. When spousal support is awarded based on a disparity in the parties' incomes, "[t]he task of a court considering modification is 'to maintain the relative positions of the parties as established in the initial [judgment] in light of their changed circumstances.' " *Ho and Ho*, 93 Or App 421, 424, 762 P2d 344 (1988). Evidence of the parties' original income levels is an essential element in proving a change in circumstances based on disparity of income. *See Rubey*, 165 Or App at 622 (in determining whether remarriage supplanted the purposes of a spousal support award, the court considered the actual amounts of income available to the parties at relevant intervals); *see also Hoag and Hoag*, 152 Or App 288, 293, 954 P2d 184 (1998).

Here, the trial court was left to speculate as to the difference between the parties' respective economic circumstances at the time of dissolution and their present positions. Because the court was not free to do so, husband did not establish an essential element of his claim—a change in circumstances warranting termination of his support obligation. Therefore, the trial court did not err in granting wife's motion for dismissal under ORCP 54 B(2).

Affirmed.