Argued and submitted November 28, 2006, affirmed May 2, 2007

In the Matter of the Marriage of

Janice W. SUGAR,
*Petitioner-Appellant,*

*and*

John P. SUGAR,
*Respondent-Respondent.*

Lane County Circuit Court
150324181; A131022

157 P3d 1263

George W. Kelly argued the cause and filed the briefs for appellant.

Jeffrey E. Potter argued the cause for respondent. With him on the brief was Gardner, Honsowetz, Potter, Budge & Ford.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ROSENBLUM, J.

## ROSENBLUM, J.

Wife appeals from a judgment granting husband's motion to terminate maintenance spousal support. We review *de novo* and affirm.

The parties' marriage was dissolved in July 2004. Each party submitted a uniform support affidavit (USA). In her USA, wife represented to the court that she earned an hourly wage of $13.26, that she worked 40 hours per week, and that her gross monthly income was $1,785—even though a person working 40 hours per week and four weeks each month at an hourly rate of $13.26 earns approximately $2,121 per month. Wife apparently deducted a mandatory PERS contribution in the gross monthly income listed in her USA, but she included it in her trial memorandum and arrived at a gross monthly income of $1,893. The court found that, at the time of the dissolution, wife's gross monthly income was $1,893 and husband's gross monthly income was $5,525.

The dissolution judgment awarded wife transitional spousal support of $300 per month for five years and maintenance spousal support of $500 per month for 10 years. *See* ORS 107.105(1)(d). The trial court also awarded wife $431 per month in child support using the standard child support computation worksheet and relying on its findings of the parties' respective monthly incomes. Wife was also awarded the family home, among other marital assets. Her USA filed in connection with the dissolution proceeding indicated that the mortgage payments for that property totaled $1,000 per month.

Following the dissolution, wife purchased a second property with William Eimstad, and she moved into that property with the parties' child. Although wife did not contribute to the down payment, she pays half of the mortgage ($1,100 per month) and half of the utilities. Wife also pays the mortgage on the family residence, but she rents it to Eimstad for $1,250 per month to use as his business address.

Eight months after the dissolution, husband moved for modification of the award of spousal support. Wife submitted a second USA in which she listed her monthly income

as $2,415, excluding spousal and child support payments—$522 more than the trial court found that her monthly income was. In addition, wife indicated that her fixed expenses (including utilities, transportation, insurance, food and household items, clothing, and medical and pharmaceutical expenses) had decreased after dissolution from $935 per month to $875 per month. She also indicated that she had $230 less in additional expenses at the time of modification (a total difference of $290).

Based on wife's increased income, decreased expenses, and acquisition of interest in a second piece of real property (which enabled her to convert the former family residence into an investment property), the trial court terminated the award of $500 per month in maintenance support. Husband moved for reconsideration of the trial court's failure to modify or terminate transitional support, and wife moved for reconsideration of the trial court's termination of maintenance support. The trial court allowed reconsideration but denied both motions. In denying wife's motion, the court noted that it "relied on [wife's] inaccurate representations" of her income when it awarded maintenance support in the first instance. Accordingly, "the revelation that [her] income was larger than [she] represented to the [c]ourt at the time of trial in the original divorce" did not require reinstating the maintenance support award.

■ Wife appeals. She acknowledges that she told the trial court that she was making $1,893 per month in her trial memorandum (and $1,785 in her USA). Nevertheless, she argues that the court erred by not finding that she was actually making $2,298 at the time of the dissolution because she attached a pay slip to her USA that showed her earning an hourly wage of $13.26. According to wife, because she reported that she works 40 hours per week, the pay stub "would have allowed the court to determine that wife actually made $2,298 monthly" if "the court * * * bothered to do the math."[1] Wife also argues that, even if there has been a slight

---

[1] As noted, our calculations indicate that someone working 40 hours per week and four weeks per month at an hourly rate of $13.26 would earn $2,121 per month. Wife argues that the trial court should have concluded that she makes $2,298 a month because a person who works 40 hours per week and 52 weeks per year earns $27,580 annually, or $2,298 per month. The discrepancies produced by the various

decrease in her expenses, it has not resulted in significant savings. Thus, she contends that there has not been a substantial, unanticipated change in the parties' economic circumstances. In the alternative, she argues that even if there has been such a change, the trial court should have reduced rather than terminated maintenance support.[2]

A court may reconsider its order of maintenance support upon a showing by the moving party that there has been a substantial, unanticipated change in the parties' economic circumstances. ORS 107.135(3)(a); *Tomos and Tomos*, 165 Or App 82, 87, 995 P2d 576 (2000). "The original support award presumptively reflects the most equitable distribution of income between the parties." *Bates and Bates*, 303 Or 40, 47, 733 P2d 1363 (1987). Termination of spousal support is proper if the purpose of the award has been fulfilled; if the trial court did not expressly identify the purpose of the award, "our task is to maintain the relative positions of the parties as established in the initial decree." *Id.* at 47. When maintenance support is no longer necessary to maintain the parties' relative positions due to a substantial and unanticipated increase in the payee's income, modification or termination of a maintenance award may be appropriate. *See, e.g.*, *Cowden and Cowden*, 172 Or App 343, 18 P3d 479 (2001); *Blake and Blake*, 130 Or App 259, 880 P2d 972 (1994). That is so, even if the payor's income has also increased. *Weber and Weber*, 337 Or 55, 66, 91 P3d 706 (2004) ("[A] post-dissolution increase in a payor spouse's income does not of itself ordinarily constitute a changed condition justifying a reconsideration of the payor spouse's support obligation." (internal quotation marks omitted)).

---

methods for computing wife's monthly income demonstrate why a party is in a better position than the court to compute that party's monthly income.

[2] Wife also assigns error to the trial court's failure to recalculate child support after terminating maintenance support. At the modification hearing, the parties stipulated to having a third party resolve their dispute over the amount of husband's parenting time and requested that the trial court retain jurisdiction over that issue. The trial court agreed to retain jurisdiction. The record does not reveal whether or how the parenting-time issue was resolved. As the proper amount of child support depends on the amount of parenting time awarded, and because the trial court retained jurisdiction over the child support award, we do not address wife's second assignment of error.

■ Thus, our first task is to determine what the relative position of the parties was at the time of the original judgment of dissolution. Wife acknowledges that modification may not be used as a mechanism to reargue the original decree, *see Newton and Newton,* 122 Or App 52, 56, 857 P2d 171, *rev den,* 318 Or 25 (1993), but nevertheless urges us to find that the trial court erred in finding her income at the time of the original judgment to be $1,893 instead of $2,298. Husband contends that judicial estoppel should bar wife from asserting that her income at the time of the dissolution was, in fact, higher than she represented it to be.

■ We agree that wife is judicially estopped from arguing that her income was greater than $1,893—the amount that the trial court found at the time of the dissolution based upon wife's representations. The equitable doctrine of judicial estoppel may be invoked to preclude a party from assuming a position in a judicial proceeding that is inconsistent with the position that the same party successfully asserted in a different judicial proceeding. *Hampton Tree Farms, Inc. v. Jewett,* 320 Or 599, 609, 892 P2d 683 (1995). Judicial estoppel involves three elements: benefit in the earlier proceeding, different judicial proceedings, and inconsistent positions. *Id.* at 611. We need not conclude, as wife contends, that the party to be estopped "deliberately misrepresented" a fact to the court in the earlier proceeding. If the party to be estopped benefitted from one representation in an earlier proceeding and makes an inconsistent representation in a later proceeding, judicial estoppel may apply even if the earlier representation was not intended to mislead the court.[3]

Here, wife clearly benefitted from asserting that her income was $1,893 in the dissolution proceeding. Using the standard child support computation worksheet, she received a higher child support award than she would have had she

---

[3] We have no difficulty concluding on this record, however, that wife's representations about her income in the earlier proceeding were designed to mislead the court. Wife chose to use her 2003 W-2 to calculate her monthly income rather than using the figures she reported in her own USA. 212 Or App 465, 468 n 1. Wife easily could have performed the very calculation that she now complains the court failed to do. Wife's failure to do those calculations strongly suggests that she chose to report an outdated monthly income, possibly to obtain higher support payments.

asserted that her income was higher. During the modification proceeding, the trial court also noted that it would have awarded less spousal support in the original judgment if it had found that wife's income was higher than she reported at the time of dissolution. *Cf. Moore and Moore*, 146 Or App 661, 934 P2d 572 (1997) (applying equitable estoppel to bar the wife from denying the husband's paternity after her misrepresentations about the child's paternity resulted in a support judgment against the husband).

It is also beyond dispute that wife's position in the dissolution proceeding and her position in the modification proceeding were contradictory. In her trial memorandum, wife affirmatively represented that her monthly income was $1,893, and the court adopted that figure when it entered the general judgment of dissolution. After the entry of that judgment, which concluded the dissolution proceeding, *see* ORS 18.005(9), husband initiated a modification proceeding in which wife contended that her monthly income was instead $2,298 at the time of the dissolution proceeding. That contention was clearly inconsistent with her earlier representation to the court. Because wife failed to disclose all of her income in the earlier proceeding and the court relied on her representations in ruling as it did, she is judicially estopped from now asserting that her income was greater than found by the dissolution court. *Cf. Caplener v. U.S. National Bank*, 317 Or 506, 857 P2d 830 (1993) (applying judicial estoppel to limit the state law claims of a party who failed to disclose all assets in a bankruptcy proceeding).

Wife also argues that, even if we find that her income has increased substantially between modification and dissolution (from $1,893 to $2,415), that increase could readily have been anticipated at the time of the dissolution judgment. *See Tomos*, 165 Or App at 87. It is evident from the court's letter opinion that preceded the original judgment that the trial court believed that wife "ha[d] no prospects for any substantial increase in salary or income" when it awarded transitional and maintenance support. That finding was based, at least in part, on wife's trial memorandum, in which she represented that her future employment opportunities "are severely limited by governmental budget constraints." Accordingly, we conclude that the trial court did

not anticipate an increase in wife's income when it awarded spousal support. Nor could the court have readily anticipated the increase, despite the June 2004 pay slip. Wife concedes that the pay slip is not easy to understand, and it shows the same hourly wage that wife reported on her USA. Thus, nothing about the pay slip should have prompted the court to question the monthly income figure reported by wife. Moreover, the record does not reveal any reason that the court should have anticipated that wife would gain an interest in a second piece of real property or decrease her monthly expenses.

In light of the foregoing, husband has demonstrated a substantial, unanticipated change in the parties' economic circumstances from the time of dissolution. Wife's monthly income increased by $522, she acquired an interest in a second piece of real property, which enabled her to convert the former family residence into an investment property,[4] and her expenses decreased by $290 per month.[5] Thus, she has more than $700 per month available that she did not have at the time of the dissolution. Given that the initial judgment presumptively reflects the most equitable distribution of the parties' income, termination of the $500 award of monthly spousal maintenance support is appropriate in light of the additional funds now available to wife. Accordingly, we reject wife's alternate argument that the award should have been reduced rather than terminated.

Affirmed.

---

[4] Even if wife is correct that the monthly income derived from her investment property is only $20 (the amount she identified in the USA she submitted in connection with the modification proceeding), she is also now acquiring an interest in two pieces of real property instead of one.

[5] We reject wife's argument that her new living arrangement with Eimstad has not resulted in significant savings. A comparison of wife's first and second USAs reveals that, now that she is living with Eimstad, wife is paying less each month than she did when she lived with the parties' child in the former family residence.