Argued and submitted December 6, 2019, supplemental judgment affirmed
August 4, 2021

In the Matter of the Marriage of

Lorrie L. CLOSSON,
nka Lorrie L. Willner,
*Petitioner-Respondent,*
*and*

Kevin A. CLOSSON,
*Respondent-Appellant,*
*and*

Alan C. CLOSSON,
*a Statutory Party.*

Washington County Circuit Court
C152752DRE; A168794

494 P3d 979

Kirsten E. Thompson, Judge.

Helen C. Tompkins argued the cause and filed the briefs for appellant.

Peter Bunch argued the cause for respondent. Also on the brief was The Law Firm of Peter Bunch, LLC.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Supplemental judgment affirmed.

**PER CURIAM**

In this domestic relations case, husband appeals a supplemental judgment modifying the amount of spousal support he must pay. Having reviewed the briefing, the record, and the relevant legal authorities, we affirm.

A spousal support award may be terminated only when a change in circumstances demonstrates that the purposes of the award have been satisfied. *Bock and Bock*, 171 Or App 458, 462, 15 P3d 609 (2000). Husband contends that wife experienced a change in her economic circumstances that satisfied the purposes of the original support award, and that the trial court erred when it modified—rather than terminated—the award. Specifically, he maintains that the trial court failed to consider three sources of income newly available to wife since the dissolution of the parties' marriage, asserting that wife now has income from: (1) a share in the net profits in a real estate limited liability company (the LLC) in which wife is a member; (2) access to her new husband's income; and (3) real estate commissions earned as a newly licensed realtor.

In his first assignment of error, husband argues that the court erred in declining to include as income for wife her share in the LLC net profits. Wife responds that she has not received any net profits. We are not persuaded that the trial court incorrectly determined wife's income.

Husband secondly assigns as error the court's finding that the purposes of the support award had not been fulfilled. Husband generally refers to the three sources of newly available income he has identified, listed above, arguing that the court failed to consider them in modifying the award. We disagree with husband that the trial court failed to consider those three sources of income. It did so on the record and in its written opinion letter. The court's findings about each source of income were supported by the evidence.

In his third assignment, husband contends that the court erred in finding that wife's commission earnings were consistent with the wage that had previously been imputed to her. The court's finding concerning wife's income from

real estate commissions was supported by the evidence the parties presented. Accordingly, the court did not err.

Husband's remaining assignment of error is that the court erred by failing to order an award that is just and equitable. Husband argues that the court's task is to maintain the relative positions of the parties. In its opinion letter, the court discussed the factors it considered in determining an appropriate award, as provided in ORS 107.105(1)(d)(C). We conclude that the court properly considered the totality of the parties' circumstances and made an award that falls within the range that is just and equitable. We therefore do not disturb it.

Supplemental judgment affirmed.