203

Argued and submitted October 21, 1991, on appeal, reversed and remanded in part, otherwise affirmed; affirmed on cross-appeal March 25, 1992

In the Matter of the Marriage of
Patricia G. REDLER,
*Respondent - Cross-Appellant,*
*and*

Laurence H. REDLER,
*Appellant - Cross-Respondent.*

(88-1199-D-3; CA A67479)

827 P2d 1363

William G. Carter, Medford, argued the cause and filed the briefs for appellant - cross-respondent.

Thomas C. Howser, Ashland, argued the cause for respondent - cross-appellant. On the brief were Judith H. Uherbelau and Howser & Munsell, Ashland.

Before Richardson, Presiding Judge, and Deits and Riggs, Judges.

RIGGS, J.

**RIGGS, J.**

Husband appeals and wife cross-appeals from a dissolution judgment. Husband claims that the trial court erred in awarding $1,576 per month child support, in awarding spousal support to wife, in awarding wife a judgment of $19,500 to equalize the division of assets and in awarding wife attorney fees and expert witness expenses. On cross-appeal, wife claims that the trial court erred in failing to award her permanent spousal support and in failing to award her the full amount of attorney fees requested. On *de novo* review, we reverse and remand for recalculation of child support and otherwise affirm on both the appeal and cross-appeal.

Husband and wife were married for 19 years. He is 49, and she is 43. They have 5 children, ranging in age from 6 to 17. Wife has custody of all of the children. Husband has a high school education and has been self-employed in the scrap metal business for 23 years. Wife has a 2-year college degree in technical engineering and business that she received over 20 years ago. She would need to return to school for refresher courses to make use of her degree. She worked as bookkeeper and manager for the scrap metal business from 1971 until 1979. After the parties separated in 1988, she began working part-time at a department store, earning gross pay of $745 a month. She also performed volunteer work for an agency in exchange for food.

Both parties have some health problems. Wife was injured in an car accident in December, 1989. One of her cervical discs ruptured and required surgery to restore feeling to her right arm, neck and shoulder. She has returned to work but is restricted in her ability to lift and carry. After the accident, she had a nervous breakdown that required hospitalization. Husband has an intestinal obstruction that he described as debilitating at times, although it has not prevented him from working.

■ Husband first claims that the trial court erred in awarding $1,576 per month child support. He contends that the trial court used the wrong income assumptions in calculating child support. The parties dispute the amount of income that husband receives from the scrap metal business, and they presented considerable evidence about that issue at

trial. Husband's expert averaged the business income over a period of 7 years, 1983 through 1989, and concluded that the net pre-tax income was $50,686 per year, or $4,224 per month. Husband also testified that, in the first half of 1990, his company operated at a loss. He testified that the loss resulted from the increased cost of scrap metal, new competitors and a bad debt of $28,245. In contrast, wife's expert limited his analysis of the business income to a 5-year period, 1985 through 1989, and applied a weighted average method that emphasized the two most recent years. He testified that that is a common method and the most accurate way to determine the earning potential of a cyclical business. He concluded that the net pre-tax income was $77,000 per year, or $6,416 per month. The trial court found that husband has a current gross monthly income of $6,416.

Husband challenges wife's expert's method of calculating his income and argues that the business's poor performance for the first half of 1990 should be considered. We accept wife's expert's conclusions, as did the trial court. The expert used an acceptable method for analyzing the income stream of the business and, because the business's poor performance during the first half of 1990 was mainly the result of a one-time loss (the bad debt), it was appropriate to disregard its performance during that period.

■ However, husband correctly argues that the trial court improperly applied the child support guidelines, because it did not subtract self-employment taxes in determining gross income for the purpose of calculating the presumed child support award. ORS 25.270 to ORS 25.280; OAR 137-50-320 to OAR 137-50-490. OAR 137-50-350(1) requires that the "ordinary and necessary expenses required for self-employment" be deducted in determining the "gross income" of self-employed individuals. Husband's self-employment tax of $315 per month should have been deducted. Therefore, we remand for recalculation of the child support award.

■ In his second assignment, husband contends that the court erred in awarding wife spousal support of $1000 per month for three years and $750 per month for an additional five years. He argues that the criteria enumerated in ORS 107.105(1)(d) do not support an award of spousal support in any amount. After considering the duration of the marriage,

the parties' ages, health, work experience and earning capacity, their financial conditions, wife's need for additional training to make use of her earlier education and the parties' obligations to their children, ORS 107.105(1)(d), we conclude that the amount and duration of the spousal support award are appropriate. They give wife an opportunity to receive additional training and enable her to maintain a comparable standard of living.

■   In his third assignment, husband asserts that the trial court erred in awarding wife $19,500 to equalize the division of assets, because it over-valued the parties' primary asset, the scrap metal business. The parties agree that the business has no "good will" value or excess earnings that should be capitalized and, therefore, that the value of the company is the net worth of its assets. Husband's accountant testified that the net worth on December 31, 1989, was about $88,000 but that it had dropped to about $58,000 by June 30, 1990, because a new customer had written a bad check for $28,245 and the loss cannot be recovered. Wife's expert testified that, on December 31, 1989, the net worth was $108,000, but that, if his addition of certain assets to the total asset value resulted in duplication, the value should be reduced to $89,000. He did not subtract the bad debt incurred in 1990, because it was a one-time, non-recurring item. The trial court apparently concluded that the value of the business should be determined as of December 31, 1989, and used the figure of $86,217 in calculating the property division. Although the parties agree that the business should be valued on an asset basis rather than on an income stream capitalization basis, we hold that wife's expert's treatment of the bad debt loss is reasonable and equitable, and we affirm the trial court's award of $19,500 for property equalization. Husband's other arguments on this issue are meritless.

■   In his fourth assignment, husband contends that the court erred in awarding wife attorney fees and costs. After trial, wife submitted her statement for attorney fees of $11,518 and costs of $3,073, including expert witness expenses of $1,772. After a hearing on husband's objections, the court awarded attorney fees of $4,500 and costs. Husband later objected to the cost bill, and the court denied his objection, because he had not raised it at the time of the attorney

fees hearing. Husband argues that the trial court should not have awarded any attorney fees to wife. An award of attorney fees is within the trial court's discretion, and we review only for an abuse of discretion. *Richardson and Richardson*, 307 Or 370, 385, 769 P2d 179 (1989). The trial court's award of $4,500 in attorney fees, instead of the full amount incurred, took into account husband's support obligations and the judgment awarded wife. There was no abuse of discretion.

■     We will not address husband's claim of error regarding the cost bill, because it was not timely raised and preserved.

Wife's two contentions on cross-appeal do not require separate discussion. We affirm on the cross-appeal.

On appeal, reversed and remanded for recalculation of child support award and otherwise affirmed; affirmed on cross-appeal. No costs to either party.