Argued and submitted April 28, 2000, on appeal, spousal support reduced to $1,000 per month, effective June 1, 1998; on cross-appeal, child support vacated and remanded for further proceedings; otherwise affirmed February 7, 2001

## In the Matter of the Marriage of

### John Marshall COWDEN,
*Appellant - Cross-Respondent,*

*and*

### Kirsten Aarnas COWDEN,
*Respondent - Cross-Appellant.*

### (9503-63280; CA A104972)

18 P3d 479

Thomas A. Bittner argued the cause for appellant - cross-respondent. With him on the briefs was Schulte, Anderson, Downes, Aronson & Bittner.

Vincent J. Bernabei argued the cause and filed the brief for respondent - cross-appellant.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

Husband appeals from a judgment denying his motion to terminate or modify spousal support. Wife cross-appeals, assigning error to the trial court's findings relating to the parties' incomes and to the trial court's decision to reduce child support. On *de novo* review, we modify spousal support and remand for recalculation of child support.

The parties were married in August 1982 and divorced in December 1995. The judgment of dissolution gave wife custody of the parties' two children. Husband was ordered to pay child support in the amount of $1,101 per month until October 1, 1996, after which his obligation increased to $1,153 per month. Husband was also ordered to pay spousal support for six years as follows: $3,000 per month through September 1996, $2,500 per month through September 1998, and $2,000 per month for an additional three years through September 2001. Husband's spousal support obligations terminate at the end of the six-year period.

The terms of the judgment were based, in part, on findings regarding the parties' income. At that time, husband was making $9,583 per month as an attorney. Wife testified that she was a self-employed "unit coordinator" and was working as an independent contractor for John Carroll, a longtime friend and real estate developer. Based on wife's testimony, the trial court found that her income was $1,333 per month. The trial court also found that "there is no indication that at least for the next couple of years that that income situation is likely to significantly change."

On October 24, 1995, approximately three weeks after the dissolution trial ended, wife received $9,000 from Carroll for services performed from July 15 to October 15, 1995.[1] Carroll continued to pay wife $3,000 per month for several months thereafter. During 1996, Carroll's monthly

---

[1] The $9,000 that wife received from Carroll constituted retroactive reimbursement for three months' worth of her services. She continued to receive $3,000 per month from Carroll until her income from him increased to $4,000 per month. It thus appears that wife's income was, in fact, $3,000 per month at the time of the dissolution, not $1,333 per month.

payments to wife increased to $3,500 and then to $4,000. In addition, wife received separate bonuses totaling $36,000 in 1996. Throughout 1997, wife continued to be paid at a rate of $4,000 per month.

On June 1, 1998, husband moved to modify spousal and child support. His motion was based primarily on the unanticipated increase in wife's income. At the modification hearing, the evidence established that Carroll was paying wife $4,000 per month. Wife, however, claimed that she incurred reasonable and necessary business expenses of $1,075 per month and that her monthly income should be reduced accordingly. Wife also testified that the current project she was working on was nearing completion and that she doubted whether Carroll would hire her for future projects. One of wife's expert witnesses testified that, given wife's academic credentials and employment experience, her current monthly income of $4,000 was higher than she normally would be earning and that her income was likely to decrease in the future.

Evidence regarding husband's income was also offered at the modification hearing. Husband's testimony, which was verified by representatives of his law firm, showed that his projected annual income for 1998 was $120,000, a figure that included an estimated bonus for that year. Due to the compensation plan adopted by husband's firm, husband was receiving 75 percent of his monthly pay, or $7,500 per month, and would receive the balance of the $120,000 sometime later that year if the law firm reached certain profitability goals.

The trial court denied husband's motion to modify or terminate spousal support. However, it granted his motion to modify the child support order and reduced husband's monthly child support obligation to $950. The court based its decision to modify child support on its findings that husband's income was $10,000 per month, that wife's income was $4,000 per month, and that wife was incurring $312 per month in reasonable work-related day care expenses.

On appeal, husband assigns error to the trial court's denial of his motion to terminate or reduce his spousal support obligation. He argues that wife's increase in income constitutes an unanticipated and substantial change in circumstances since the date of the dissolution judgment. Wife cross-appeals, assigning error to three rulings. First, wife argues that the trial court erred in finding her income to be $4,000 per month at the time of the modification hearing because it failed to properly take into account her ordinary and necessary business expenses. Second, wife assigns error to the trial court's finding that husband's monthly income was $10,000, arguing that the court failed to account for husband's annual receipt of bonuses and for the fact that husband "receive[d] substantial recurring expense reimbursements from his employer and gifts from his mother." Third, wife assigns error to the trial court's decision to reduce husband's child support obligation, arguing that the decision was based on erroneous findings regarding the parties' incomes.

We review domestic relations cases *de novo*. ORS 19.415(3). The initial issue in a modification hearing is whether there has been a substantial, unanticipated change in circumstances since the date of the dissolution judgment. ORS 107.135(2). Because both parties' arguments turn on the amount of their respective incomes, we begin with wife's income and then turn to husband's income.

As wife points out, the trial court found her income to be $4,000 without further explanation. She argues that, in so doing, the trial court erred in two respects. She argues initially that, although she was currently receiving $4,000 a month, the project on which she was working was scheduled to end in a few weeks. Carroll, the project's general contractor, testified to that effect. Additionally, wife's expert witness testified that, if wife's current situation were to change, she could only expect to earn between $30,000 and $35,000 per year based upon her qualifications. In response, husband argues, among other things, that the trial court was free to discount wife's testimony because she and Carroll had misled the court in the initial dissolution proceeding.

■    The evidence at the modification hearing established that wife was receiving $4,000 per month at the time of the modification hearing and had been for quite some time. In finding that $4,000 was an accurate measure of wife's income, the trial court necessarily discredited wife's testimony that she would not continue to earn that level of income. The evidence in the record supports the trial court's implicit credibility determination, and we accept its determination.

Wife also argues that the trial court failed to take into account her reasonable business expenses as a self-employed individual as required by OAR 137-050-0350.[2] The evidence at the hearing demonstrates that wife is, in fact, a self-employed individual and is receiving $4,000 per month in that capacity. The evidence also establishes that wife incurs reasonable and necessary expenses in the course of operating her business.[3]

Husband responds that it is not clear that the trial court failed to consider wife's expenses; that is, the trial court may have considered wife's expenses yet still found her income to be $4,000 per month due to the fact that wife received substantial bonuses that would have at least negated any decrease in income due to expenses. For example, husband points out that in 1996 wife earned $5,555 per month after her expenses were deducted. Further, husband states that the trial court "was free to disbelieve wife given her dishonesty" in the 1995 dissolution proceeding, suggesting that the trial court may have disregarded wife's expenses to account for the possibility that wife was, in fact, making more than $4,000 per month. Finally, husband argues that wife seeks to deduct too much. He asserts that wife's figure is, among other things, based on exaggerated estimates for depreciation and self-employment taxes.

---

[2] OAR 137-050-0350 applies to calculating the presumptive child support for self-employed individuals. The parties do not argue that the rationale behind deducting ordinary and reasonable business expenses for purposes of computing an individual's income does not apply to spousal support as well.

[3] For example, wife's income tax returns showed that she had deducted the reasonable business expenses associated with operating her business for the three years before the modification hearing.

■    After reviewing the record, we conclude that the trial court should have deducted wife's necessary and reasonable business expenses from the $4,000 per month she receives pursuant to an arrangement with Carroll.[4] *See Redler and Redler*, 112 Or App 203, 206, 827 P2d 1363 (1992) (ordinary and necessary business expenses should be deducted in calculating gross income for self-employed individuals). We accordingly turn to the calculation of those expenses.

■    In her Uniform Support Affidavit, wife stated that her business expenses totaled $1,075 per month, but she gave no detailed explanation as to how she reached that figure. Wife's tax returns for 1996 and 1997, the only two years in which she was self-employed throughout, shed more light on the issue. In 1996, wife reported $4,090 in business expenses, and in 1997 she reported $5,698. We see no persuasive reason to conclude that the expenses associated with operating wife's business would be significantly different at the time of the modification hearing from the two previous years. Therefore, we conclude that wife's business incurs ordinary and necessary business expenses of $408 per month, the monthly average of that 24-month period. That deduction reduces wife's earnings from self-employment to $3,592. Wife's business expenses also include one-half her self-employment taxes, which amount to approximately $242 per month.[5] Subtracting both expenses, we find wife's monthly gross income to be $3,350, exclusive of support.

---

[1] We are not persuaded that wife's income should be increased to account for bonuses she received in 1996. It appears from the record that those bonuses, which came from two separate sources, were discretionary and were unlikely to be paid on an annual basis. We decline to assume that wife will continue to receive similar bonuses in the future.

[5] This figure is based on a monthly income of $3,592 and a self-employment tax rate of 13.5 percent, half of which is 6.75 percent. The parties disagree as to whether wife should be allowed to deduct one-half of her self-employment tax or the full amount. In general, parties are not allowed to deduct taxes paid in calculating income for purposes of child support. However, at least two Oregon cases have held that self-employment taxes are an ordinary and necessary business expense, but neither case has expressly addressed whether an individual should be allowed to deduct the full amount paid for purposes of calculating income. *See Gudmundson and Gudmundson*, 145 Or App 135, 141, 929 P2d 319 (1996); *Redler*, 112 Or App at 206. The self-employment tax is essentially a social security tax imposed upon self-employed individuals. *See In re Marriage of Yaxley*, 259 Ill App 3d 544, 548, 631 NE2d 252, 255, *app den* 157 Ill 2d 524, 642 NE2d 1306 (1994) (explaining self-employment tax). In an ordinary employment context, the employer pays one-half of the social security tax attributed to each employee and

■ Wife also argues that the trial court erred in finding that husband's income was $10,000 per month. She claims that this figure was merely husband's base salary and did not take into account husband's annual bonus. However, the testimony at the modification hearing and evidence obtained from husband's employer established that husband's pay was based on his projected annual earnings of $120,000, which included an estimated bonus for that year. As such, the $10,000 figure adequately takes into account husband's projected bonus in determining his monthly income, and husband does not argue that we should not consider his bonuses in calculating his income.[6]

Having determined the parties' incomes, we turn to husband's assignment of error—that the trial court erred in denying husband's motion to terminate or modify spousal support based on changed circumstances. Husband argues that wife's increased income constitutes a substantial, unanticipated change in circumstances that warrants at least a reduction in spousal support. Wife maintains that there has not been a substantial unanticipated change in circumstances since the time of the dissolution. In addition, wife states that the burden was on husband to establish what the purposes of the initial support order were and to what extent they have been met. She points out that the judgment of dissolution did not provide any guidance as to the purposes of the initial award, and husband did not establish what those purposes were. Therefore, wife argues, the trial court was bound to leave the parties in the same relative position as established in the initial judgment.

■■ We agree with wife that "[l]acking such information [regarding the purposes of the initial award], our task is to maintain the relative positions of the parties as established in the initial decree[.]" *Bates and Bates*, 303 Or 40, 47, 733 P2d 1363 (1987). But we are also required to maintain those

the employee pays the other half. *See id.* Because one-half of the self-employment tax is attributable to wife as an employee, wife should be allowed to deduct only one-half of the tax as a business expense in calculating her gross income. *See id.* (reaching similar conclusion in the context of an agreement between the parties).

[6] We have considered wife's other objections to the determination of husband's income and do not accept them.

positions "in light of their changed circumstances." *Id*. Therefore, if there has been a substantial change in circumstances, the support awards may need to be modified or terminated. *Id*. at 47-48.

██ ██ At the time of the dissolution, wife was making $1,333 per month and was awarded $3,000 per month in spousal support. That original support award "presumptively reflects the most equitable distribution of income between the parties." *Bates*, 303 Or at 47. In other words, given the earning capacity of the parties, the standard of living enjoyed during the marriage, and the other statutory factors contained in ORS 107.105(1)(d), it was equitable to provide wife an income of $4,333 per month. As husband points out, however, wife's own income increased immediately after the 1995 dissolution hearing from $1,333 per month to $3,000 per month and continued to increase throughout 1996.[7] When spousal support is added to wife's own income, it becomes clear that her total income since dissolution has far exceeded what the court anticipated. Husband has established a sufficient change to warrant modification or termination of wife's spousal support. *See Blake and Blake*, 130 Or App 259, 880 P2d 972 (1994) (holding that wife's increase in income justifies terminating indefinite award of spousal support).

The amount of spousal support should be modified to maintain the approximate position in which the initial judgment placed wife. *Bates*, 303 Or at 47. The trial court provided for stepped-down levels of spousal support in anticipation that wife's income would gradually increase over the six-year period. Given that purpose, we look to the original figure of $4,333 to measure the extent to which husband's support payments should be reduced. We reduce husband's current monthly spousal support obligation to $1,000, which, when taken together with wife's monthly earnings of $3,350, gives her a monthly income of slightly more than $4,333.[8]

---

[7] The stepped-down support implies that the trial court anticipated that wife's earnings would increase approximately $1,000 per month during the six-year period. The dramatic increase in income that wife enjoyed immediately after the dissolution judgment was entered was not anticipated, however. Rather, the court explained at the dissolution hearing that it did not expect wife's $1,333 monthly income to increase substantially over the next couple of years.

[8] We are not persuaded that the purposes of the spousal support have been sufficiently satisfied so as to justify terminating spousal support; doing so would

On her cross-appeal, wife assigns error to the trial court's decision to reduce child support. Again, the basis for this argument is that the trial court erred in calculating the parties' incomes. Because we agree with wife that the trial court should have reduced wife's monthly income to reflect her reasonable business expenses, we remand this case to the trial court to determine the appropriate figure for child support in accordance with the determination of the parties' incomes set out in this opinion.[9]

On appeal, spousal support reduced to $1,000 per month, effective June 1, 1998; on cross-appeal, child support vacated and remanded for further proceedings; otherwise affirmed.

---

reduce wife's income to an amount significantly below the $4,333 per month that the trial court anticipated in the initial decree. We also conclude that, in the circumstances of this case, modification of spousal support should be effective retroactive to the date that the motion for modification was filed. ORS 107.135(5).

[9] It appears that the trial court's decision to reduce child support was based at least in part on its finding that wife's child care expenses had decreased. That finding has not been challenged, and we do not question it. We remand only to calculate child support based on wife's monthly income of $3,350.