Argued and submitted May 17, reversed and remanded for reconsideration of child support, otherwise affirmed June 29, 2016

Kylara GENTO,
nka Kylara Klym,
*Petitioner-Respondent,*

*v.*

Benedict GOEKJIAN,
*Respondent-Appellant.*

Multnomah County Circuit Court
130970338, 130969693

Benedict GOEKJIAN,
*Petitioner-Appellant,*

*v.*

Kylara Shay GENTO,
*Respondent-Respondent.*

130970335; A158456

379 P3d 851

Margaret H. Leek Leiberan argued the cause and filed the brief for appellant.

No appearance for respondent.

Before DeVore, Presiding Judge, and Flynn, Judge, and Wollheim, Senior Judge.

## PER CURIAM

Father appeals a general judgment that concerned custody, visitation, and child support for his two minor children. On appeal, he challenges only the trial court's calculation of his income for purposes of setting the amount of child support. We agree that the trial court's calculation of father's income was flawed, and we therefore reverse and remand for a recalculation of child support.

A detailed recitation of the facts of this case would not benefit the bench, the bar, or the public. The narrow issue on appeal concerns the trial court's determination that father's "combined monthly income" is $5,911, based on $4,300 in "property sale income," $822 in veterans benefits, and a "presumptive" monthly income of "one-half of what minimum wage is given his 50% disability (*i.e.* $788.66 monthly)."

In his first assignment of error, father argues that the court erred in calculating his property sale income as a developer ($4,300) without also considering his reasonable business expenses.[1] We agree with father, and we remand for the trial court to reconsider the income calculation. *See* OAR 137-050-0715(4)(f) (actual income includes "[i]ncome from self-employment, rent, royalties, proprietorship of a business, or joint ownership of a partnership or closely held corporation, minus costs of goods sold, *minus ordinary and necessary expenses required for self-employment or business operation*") (emphasis added); *Cowden and Cowden*, 172 Or App 343, 348-49, 18 P3d 479 (2001) (concluding that the trial court should have deducted the wife's necessary and reasonable business expenses from her income from working as an independent contractor).

In his second assignment of error, father argues that the trial court erred in calculating his actual income and then adding a presumptive income to that amount, because (1) he had a verified disability, which precludes imputing potential

---

[1] We decline father's request to review *de novo*. Although the calculation of income involves factual findings, the question whether the trial court has complied with the Oregon Child Support Guidelines when calculating income is a question of law, which we review for errors of law. *Adams and Adams*, 274 Or App 423, 426, 360 P3d 742 (2015).

income to him under OAR 137-050-0715(8)(a), and (2) OAR 137-050-0715(6) authorizes the court to impute potential income to a parent only if the parent's actual income is less than the parent's potential income. *See Adams and Adams*, 274 Or App 423, 427, 360 P3d 742 (2015) (explaining that, under then-existing child support guidelines, if "the parent's actual income is less than the parent's potential income, then the court can impute potential income to the parent"). We do not address father's second assignment of error because he did not cite those provisions of the support guidelines in the trial court and the court will have an opportunity to consider them in the first instance on remand.[2] *See Morgan and Morgan*, 269 Or App 156, 168, 344 P3d 81, *rev den*, 357 Or 595 (2015) (declining to reach an assignment of error under similar circumstances).

Reversed and remanded for reconsideration of child support; otherwise affirmed.

---

[2] We note that the version of OAR 137-050-0715 at issue in *Adams* has since been amended. OAR 137-050-0715(1) now states that "[a]ctual and potential income may be combined when a parent has actual income and is unemployed or employed at less than the parent's potential." We express no opinion on the effect of that change.