528 February 25, 2026 No. 168

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Ericka Mariela PEREZ RUIZ,
*Petitioner-Respondent,*

*and*

Raul Suniel PEREZ MACHADO,
*Respondent-Appellant.*

Clackamas County Circuit Court
23DR21352; A185734

Ulanda L. Watkins, Judge.

Argued and submitted January 20, 2026.

George W. Kelly argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

KAMINS, J.

Reversed and remanded for redetermination of father's income; otherwise affirmed.

**KAMINS, J.**

In this domestic relations case, father appeals from a general judgment regarding a dissolution of marriage and the award of spousal and child support. In a single assignment of error, he contends that the court erred in calculating the amount of spousal and child support by failing to properly account for his business expenses when it determined his income as a self-employed individual. We reverse and remand for redetermination of father's income.

Prior to determining each party's income, the trial court held a hearing and received evidence concerning father's business expenses. Father owns a construction company that primarily operates as a subcontractor. A bookkeeper testified that father's annual gross profit in 2023 was $142,890[1] and that his net income, calculated by subtracting general business expenses from the gross profit, was $73,668. The bookkeeper based her calculation on bank statements and credit card statements received from father that detailed all business-related income and expenses, and the court received these along with the bookkeeper's profit and loss statement. Father also testified as to the necessity of his business expenses. Mother argued that some expenses were not business related, but she did not testify or otherwise provide evidence to support her assertion. Father's business's largest client also testified that subcontractors in their field usually have a profit margin of around 15 percent.

The trial court expressed disbelief as to the general business expenses presented, because the bookkeeper's calculation rested entirely on records provided by father, and determined that father's income was equivalent to the business's gross profit, $142,890:

> "I am going to give you some credit for your costs, but I'm not giving you credit all the way down to 73,000. I'm just not.
>
> "I'm going with your gross profit. Your expenses, they vary and that's in your—a hundred percent in your control.

---

[1] This was calculated by subtracting "costs of goods sold," including labor, material costs, and subcontractor expenses, from the $363,816 total income deposited in father's business account.

I know the cost of doing business is out of your control, that is actually the cost of doing—some of it is, some of it's not.

"You kind of control how much you pay for labor and you kind of control for how much you pay for costs with the deals that you make and that sort of thing, but—I'm going to give you that."

We review the court's calculation of child support under the Oregon Child Support Guidelines for legal error and the court's ruling on spousal support for abuse of discretion. *Morgan and Morgan*, 269 Or App 156, 166-67, 344 P3d 81, *rev den*, 357 Or 595 (2015). A court abuses its discretion if its findings are not supported by the record or if its award of support fails to represent a choice among legally correct alternatives. *Berg and Berg*, 250 Or App 1, 2, 279 P3d 286 (2012). We are bound by the trial court's findings of fact that are supported by any evidence in the record, which "requires the evidence in the record to be sufficient to allow a reasonable inference in favor of the court's finding." *State v. Nguyen*, 268 Or App 789, 795, 344 P3d 49 (2015); *Morgan*, 269 Or App at 166.

To calculate child and spousal support, the court must determine each parent's income, meaning actual or potential income. OAR 137-050-0715(1); OAR 137-050-0710(1)(a). Here, the trial court determined father's actual income. "Actual income" means "a parent's gross earnings and income from any source," and includes "[i]ncome from self-employment [and] proprietorship of a business * * * minus costs of goods sold, minus ordinary and necessary expenses required for self-employment or business operation * * *." OAR 137-050-0715(2), (4)(f); *see Cowden and Cowden*, 172 Or App 343, 349, 18 P3d 479 (2001) (ordinary and necessary business expenses deducted in calculating gross income for self-employed individuals for spousal support). Father, as obligor, bears the burden of proof when claiming offsets for ordinary and necessary business expenses. *State ex rel Juttner v. Lofdahl*, 152 Or App 26, 32, 952 P2d 81 (1998).

The record does not support the trial court's determination that father's income is the same as the business's gross profit. The court heard testimony that the typical

profit margin for such a business is 15 percent, which generally aligns with father's reported income. The court also heard evidence that the gross profit did not account for general business expenses like insurance, bank fees, business licenses, and utilities. In addition, there was nothing in the record beyond mother's argument to discredit father's business expenses. The trial court was entitled to disbelieve testimony and evidence, but it could not reasonably infer that father's income was the same as the business's gross profit from this record. *See Nguyen*, 268 Or App at 794-96 (court's finding of father's income not supported by any evidence where court disbelieved father's argued income and instead relied on mother's speculation as to his income). The trial court must rely on evidence in the record to support its findings.

Reversed and remanded for redetermination of father's income; otherwise affirmed.