# In the Matter of the Marriage of

## Cheryl BACH,
*Respondent,*
*and*

## Terrance S. BACH,
*Appellant.*

## (90DM0881; CA A70808)

834 P2d 1041

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

David A. Dorsey, Coos Bay, argued the cause for respondent. With him on the brief was Joelson, Gould, Wilgers and Dorsey, Coos Bay.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

Riggs, J., dissenting.

**PER CURIAM**

■ Husband appeals from a dissolution judgment. He argues that the trial court erred in making an inequitable division of certain marital property, in awarding wife permanent spousal support, in miscalculating child support under the child support guidelines, OAR 137-50-320 to 137-50-490, and in inappropriately allocating child visitation. On *de novo* review, ORS 19.125(3), we affirm, except as to child support. Under ORS 25.270 and the guidelines, the trial court was required to use the amount of spousal support awarded and the parties' present incomes in its computation. Apparently, the court adopted wife's support computation worksheet. However, that computation conflicts with the court's other findings regarding spousal support and the evidence of the parties' incomes. We remand for recalculation of child support.

■ The dissent would decrease the amount of permanent spousal support from $2,000 per month to $1,500 per month because, in *Stuart and Stuart*, 107 Or App 549, 813 P2d 49 (1991), we awarded $1,500 per month spousal support on the basis of similar income levels. In *Stuart*, our analysis focused on the duration of spousal support, not the amount. Therefore, it is inappropriate to use the amount of the award in *Stuart* as controlling the award here.[1]

Reversed and remanded for recalculation of child support; otherwise affirmed. No costs to either party.

**RIGGS, J.,** concurring in part; dissenting in part.

The majority affirms all issues except for recomputation of child support. I agree that child support must be recomputed. However, I do not agree that we should affirm the award of spousal support.

We review *de novo*, but that does not mean that we should decide the cases willy-nilly. It is true that many, if not most, dissolution cases are fact-specific. Attempts at close factual comparisons are usually of little use, given the almost

---

[1] The trial court found husband's *monthly* income to be $9,900 and wife's *annual* income after she updates her teaching certificate to be $21,000. In the light of that continuing disparity, a decrease in spousal support from $2,000 per month to $1,500, advocated by the dissent, cannot be justified.

endless variations in the factual matrix and the relative changing priority given to each fact from case to case. Nevertheless, *some* consistency is possible and is called for, especially when there are recent opinions of this court dealing with almost identical facts. Presumably, when we write on these cases, our purpose is to provide the trial bench and bar with guidance. If *we* are unwilling to follow our own recent precedents when it is possible to do so, then I wonder how we can expect anything from the trial courts other than *ad hoc* decision making.

The brief majority *per curiam* opinion omits a discussion of the facts of this case and avoids any real attempt to distinguish it from several cases decided by this court within the past year and which were briefed and argued by the parties here. Without a discussion of the facts of this case, it is impossible to see how closely they resemble the facts in other cases. The relevant facts follow.

Husband and wife were married for 19 years. He is 42 and she is 41. They have four children and wife has uncontested custody of them. During the marriage, husband attended college and medical school and currently practices as a physician. Wife worked on and off during the marriage and had been a full-time homemaker for 12 years before the dissolution. At the time of the marriage, husband and wife had college degrees, and wife had a Colorado teaching certificate. During the first four years of marriage, husband did three military tours of duty in Vietnam, and wife taught at schools in Hawaii and Washington. After leaving military service, husband continued his medical education and spent approximately nine years achieving his current position in a medical sub-specialty. During husband's medical training, wife performed assistant teaching and secretarial work on a part-time basis. She has not worked in the teaching profession during the past 12 years and will need up to one year of additional training before she would be eligible to teach in elementary school, although she might be able to reactivate her teaching certificate for secondary education in a shorter time. At the time of trial she was earning $720 a month as a half-time preschool teacher.

The trial court found, as I would on *de novo* review, that husband earned approximately $118,800 in the year

preceding the trial and that that fairly represents his current income level. The evidence also supports the conclusion that wife can be expected, within a year's time, to have an annual salary of approximately $21,000, if she successfully completes her teachers' recertification.[1]

The trial court awarded wife spousal support of $1,500 a month for 12 months, $2,500 per month for 36 months and $2,000 per month indefinitely.[2] Husband argues that those amounts are excessive and that this is an inappropriate case for indefinite spousal support.[3] Husband directs our attention to cases such as *Stuart and Stuart*, 107 Or App 549, 813 P2d 49 (1991), and *Bailey and Bailey*, 108 Or App 678, 816 P2d 1195 (1991), as examples of spousal support amounts that would be reasonable here. In fact, this case bears a striking resemblance to the facts in *Stuart*, and only a little less so to the facts in *Bailey*.[4] Except for minor differences in the projected income of the two husbands (both doctors) and a modest imbalance of property in favor of the wife in *Stuart*, the circumstances of the parties in both cases are remarkably similar. The marriage in *Stuart* lasted 16 years. The parties in both cases had ages within five years of each other. Each wife had been a homemaker or part-time

---

[1] The majority opinion is silent as to which facts it found persuasive and which justified the trial court's award of spousal support.

[2] The trial court used the term "permanent" support in its judgment. Most appellate opinions in recent years also have used the term "permanent" to define spousal support that is intended to last for an *indefinite* term, notwithstanding the fact that relevant statutory provisions do not use the word "permanent." *See* ORS 107.105; ORS 107.135. It may be self-evident that there really is no such thing as "permanent" support, because there are a variety of statutory ways in which either the *amount* or *duration* of "permanent" support can be changed. I believe that "indefinite" is a more accurate term that should be substituted for "permanent" in spousal support judgments and appellate opinions.

[3] Among other things, husband argues that, because he was a medical student during the earlier years of the marriage, a frugal life style was necessarily maintained throughout most of the marriage. Therefore, he argues, wife should be entitled only to a standard of living not overly disproportionate to that which she enjoyed during the years of struggle toward husband's medical degree and in the several practice-building years thereafter. I would reject husband's argument. A "standard of living not overly disproportionate to the standard enjoyed by the parties before the dissolution" anticipates the standard of living that, but for the dissolution, would *now* be available to the parties.

[4] The *Stuart* opinion was a product of this department and was written by Edmonds, J. I dissented in *Stuart* and said that I would have reduced the indefinite support in that case to $750.

outside worker, and each was projected to be able to earn in the middle-to-low $20,000 range annually after a short period of retraining. There were two minor children in *Stuart* and four in this case. Husband in both cases was required to pay child support. In *Stuart*, we modified spousal support to provide $1,500 per month as indefinite support, and we affirmed the trial court's additional award of $10,000 lump sum spousal support to enable the wife to complete a master's degree in nursing. In this case, on these facts, we should modify the spousal support award to the sum of $1,500 per month indefinitely. That amount would be appropriate, considering the length of the marriage, the disproportionate ability of wife to achieve a standard of living that the income of the husband *now* is able to provide and the additional criteria we discussed in *Stuart*. 107 Or App at 553; ORS 107.105(1)(d).[5]

I agree with the majority that the parties' assignments of error and arguments on all issues other than child and spousal support do not merit discussion and I, too, would affirm on those issues.

For these reasons, I dissent from that portion of the majority opinion that does not modify spousal support.

---

[5] The majority attempts to excuse its failure to follow precedent by suggesting that, in *Stuart*, the "parties argued and our analysis focused on the duration of spousal support, not the amount." Indeed, I concede that that may have been what was in the author's mind when he wrote *Stuart*; however, review of the appellate briefs in *Stuart* makes clear that *both* the duration and the amount were at issue on appeal. Further, contrary to the majority here, *Stuart* does *not* support its assertion that the wife in that case was seeking only an increased in the *duration* of spousal support. In *Stuart*, as in this case, we reviewed *de novo* and presumably addressed all the arguments of the parties relating to spousal support.