Submitted on record and brief October 28, 2004, reversed and remanded for recalculation of child support; otherwise affirmed April 20, 2005

## In the Matter of the Marriage of

### Rose M. CROOK,
### nka Rose M. Tankersley,
*Respondent,*

*and*

### Dwight L. CROOK,
*Appellant.*

## C963204DR; A122565

110 P3d 648

David L. Rich filed the brief for appellant.

No appearance for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Leeson, Judge pro tempore.*

LEESON, J. pro tempore.

* Leeson, J. pro tempore, *vice* Armstrong, J.

## LEESON, J. pro tempore

In this domestic relations proceeding, husband assigns error to the trial court's denial of his motion to modify the underlying judgment of dissolution of marriage by ordering wife to pay child support, the court's denial of his request for credit against child support arrears for time that one of the children for whom he was required to pay support was living with him, and its denial of his request to eliminate or substantially reduce his spousal support obligation. On *de novo* review, ORS 19.415(3) (2001); *Albrich and Albrich*, 162 Or App 30, 32, 987 P2d 542 (1999), we affirm in part, reverse in part, and remand for recalculation of child support.

The parties were married in 1977. They had five children, born between 1978 and 1986. The parties' marriage was dissolved by a stipulated judgment of dissolution entered January 7, 1997. Husband was then 43 years old and wife was 42 years old. Among other things, the judgment gave custody of the parties' four minor children to wife, and it required husband to pay wife child support in the amount of $1,285 per month, or $321.25 per child. The judgment also ordered husband to pay wife spousal support in the amount of $1,500 per month for 15 years and awarded wife an equalizing judgment of $300,000.[1] The worksheet attached to the judgment indicated that husband's gross monthly income at the time was $7,500 and that wife's gross monthly income was $0.

By the end of 1998, husband had lost his job as a reliability engineer at Intel Corporation, and wife had remarried. The parties had ongoing disputes about husband's failure to comply with the terms of the stipulated dissolution judgment.

On January 11, 1999, after the parties had negotiated resolution of the support disputes that had arisen to

---

[1] Under the terms of the parties' marital settlement agreement, which was incorporated into the judgment, wife agreed to a "downward deviation" from child support guidelines and to accept less spousal support than "would otherwise be accepted" in return for husband's agreement to pay all living expenses and costs of education for each child so long as they desired to continue their course of study.

that point, the court entered a "Stipulated Modification of Judgment of January 7, 1997." The judgment recited that wife had remarried, that three of the parties' minor children were then residing with wife, and that their other two children were attending school. The judgment also recited that husband's employment had been terminated on November 13, 1998, and that he had not become re-employed. Furthermore, the judgment recited the parties' agreement that the presumptive amount of child support husband was to pay to wife was "inappropriate and the presumed amount is rebutted due to other income being available to the parties and [husband's] belief that he can obtain comparable employment[.]" The judgment ordered husband to continue to pay wife $1,285 per month in child support. It made no change to spousal support, consistently with the parties' stipulation.

Rather than finding new employment or returning to school to update his electrical engineering degree, husband decided to farm land that he and wife had owned during their marriage. In December 1999, husband sold his interest in that land to Cigna, a corporation in Belmopan, Belize, that husband had created for "asset protection." Husband also sold all the Intel stock holdings that had been awarded to him in the dissolution to Cigna in exchange for an annuity that is payable to him at age 65 from a company named "Hampton," which apparently is a subsidiary of Cigna.

In June 2000, one of the parties' minor children began living with husband. In October 2002, husband filed a motion to show cause seeking to modify the dissolution judgment to award custody of that child to husband, to require wife to pay child support, to grant husband a credit for child support arrearages, to change the parenting plan for visitation, and to either terminate or substantially reduce his spousal support in amount and duration. Wife requested production of a variety of documents from husband. His failure to provide information and documentation caused his lawyer to withdraw, citing husband's failure to cooperate.

In November 2002, the court entered a judgment of spousal and child support arrearages against father in the amount of $12,817 for arrearages through February 1, 2002. The following month, wife asked the court to hold husband in

contempt for failure to abide by the terms of the judgment. In April, husband's new lawyer informed wife's counsel that husband had directed him not to produce or turn over any of the documents that wife had requested.

The hearing on husband's motion to modify and wife's motion for contempt was held on August 7, 2003. Husband testified at the hearing; wife appeared by telephone. Husband submitted a copy of his 2001 federal income tax return, which stated that his income for that year was $6,457 and that he had experienced a loss of $28,269 in his farming operation, Beef and Berries.

After the hearing, the court found that husband's testimony established his ability to provide for the minor child. It also found that husband had voluntarily stripped himself of assets for "protection from creditors." Finally, it found that husband's failure to produce records made it impossible to determine the accuracy of husband's assertion that he lacked the ability to pay spousal support. The court awarded custody of one of the parties' minor children to husband, consistently with the parties' stipulation; terminated husband's support obligation for that child as of August 1, 2003; denied husband's request for an order of child support against wife; denied husband credit for either child or spousal support arrearage; and denied husband's request to terminate spousal support.

■ We begin with husband's assignment of error concerning spousal support. Husband contends that the trial court erred in either not terminating spousal support or substantially modifying husband's spousal support obligation. According to husband, a substantial change in circumstances entitled him to at least a substantial reduction in the amount and duration of spousal support. He points to his layoff from Intel and the fact that, by the time of the modification hearing, he was earning less than minimum wage and had to make withdrawals from his Individual Retirement Account (IRA) to pay his living expenses. Husband faults wife for putting on no evidence to rebut his testimony at the hearing and asserts that "there is a reasonable inference that her current standard of living does not depend upon her receipt of this .

support."[2] Husband contends that "it can no longer be said to be 'just and equitable' to continue to require the support payment[.]"

An award of spousal support may be modified based on a finding that there has been a substantial, unanticipated change in circumstances since the time of the earlier award. ORS 107.135(3)(a); *Hutchinson and Hutchinson*, 187 Or App 733, 739, 69 P3d 815 (2003). The burden of establishing a change of circumstances is on the party requesting the change. *Thomas and Thomas*, 181 Or App 128, 131, 45 P3d 954 (2002). The change in circumstances must be one that could not have been anticipated at the time of the earlier judgment. *Thomsen and Thomsen*, 167 Or App 218, 223, 2 P3d 432 (2000). If the requisite change in circumstances is established, then the overriding consideration in determining the appropriate amount of spousal support is what is just and equitable under the circumstances. *Hutchinson,* 187 Or App at 739.

In this case, the relevant judgment for purposes of analyzing husband's argument regarding change of circumstances is the "Stipulated Modification of Judgment of January 7, 1997," which was entered on January 11, 1999. At that time, husband had been laid off from Intel, but he acknowledged that he had "other income," and he did not seek a reduction in his spousal support obligation. The question, then, is whether husband has established that there was a substantial, unanticipated change in circumstances between entry of that stipulated modification of judgment and his motion to terminate or substantially reduce his spousal support obligation. He has not.

Husband's first argument regarding change of circumstances is his layoff from Intel. However, that layoff had occurred before the modification in 1998, and husband stipulated in the modified judgment that he had "other income." Husband also points to his "offshore investment scheme," which he now claims proved to be "foolhardy" and contends

---

[2] Husband admitted at the hearing that he was "several months" in arrears on spousal support payments.

that his only remaining asset is his IRA. However, as noted, husband refused to produce any records or documentation to support his claims. A review of the transcript of the hearing indicates that husband, through Cigna, may own a mobile home park and a house in Mexico, receive income for managing property in Oregon for Cigna, and have money available to him through a Cigna credit card. As the moving party, husband failed to establish an unanticipated change in economic circumstances. The trial court did not err in denying husband's motion to terminate spousal support.

■ We turn to husband's assignment of error concerning child support for the child residing with him. On the Uniform Support Affidavit that wife filed in this matter, she stated that she receives no monthly income from employment and has no occupation. She also reported income of $800 per month from "contract payments." The trial court found that husband had the financial ability to support the child and denied his request that wife be ordered to pay child support.

Husband contends that the trial court erred by not finding that wife can be gainfully employed on a full-time basis and attributing to her an earning potential consistent with the requirements of the guidelines. Husband is correct. Under ORS 25.270 and OAR 137-050-0330, the guidelines for computing individual child support obligations, a court is required to determine the presumptive amount of child support. OAR 137-050-0360(1) creates a rebuttable presumption that a parent can be gainfully employed on a full-time basis. If a parent is unemployed or is employed on less than a full-time basis, then "child support shall be calculated based on a determination of potential income." *Id.* OAR 137-050-0360(2)(c) states a presumption that a parent has the potential to earn the "amount of income a parent could earn working full-time at the current state minimum wage."

We note, however, that the rule also requires the court to determine the "gross income" of *each* parent. OAR 137-050-0330(2). OAR 137-050-0340 defines gross income as

"income *from any source*, including, but not limited to, salaries, wages, commissions, advances, bonuses, dividends, severance pay, pensions, interest, honoraria, trust income,

annuities, return on capital, Social Security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, gifts, prizes, including lottery winnings, and alimony or separate maintenance received."

(Emphasis added.) Support is to be calculated based on present income. *Bach and Bach*, 114 Or App 224, 225, 834 P2d 1041, *rev den*, 314 Or 573 (1992). As we explained in our discussion of the previous assignment of error, husband refused to submit documentation and records to support his claim of present income, and the record strongly suggests that husband has income from sources other than his farming operation. Such income must be taken into consideration in completing the computations called for by the child support guidelines. On remand, therefore, in addition to determining wife's potential income, the court must identify what it believes husband's gross income to be based on his testimony at the hearing and then determine the presumptive amount of wife's child support obligation.

■     We turn to husband's remaining assignment of error. Husband contends that the trial court abused its discretion in refusing to grant his request for a credit against his child support arrearage for the months that one of the children who was the subject of the support obligation resided with him. As noted, that child began living with husband in June 2000, and the trial court terminated husband's obligation to pay support for that child on August 1, 2003.

Husband concedes that the trial court "was under no statutory obligation" to grant his request for a credit against his child support arrearage and that no case law requires a court to do so. In arguing that the trial court abused its discretion in denying the credit, he argues only that

"the legislature has recognized that there are situations where [not forgiving support arrears] works an egregious result such as the case before this Court now where both parties willingly participate in a *de facto* modification of the custody arrangement imposed upon them by judgment only then [to] have one parent realize a windfall in the form of child support that was not so modified."

ORS 107.135(7)[3] prohibits a court from modifying any portion of a judgment that provides for the payment of money for the support of minor children that has accrued before the motion is served. However, ORS 107.135(7)(a) provides that "[t]he court may allow a credit against child support arrearages for periods of time, excluding reasonable parenting time unless otherwise provided by order or judgment, during which the obligor, with the knowledge and consent of the obligee or pursuant to court order, has physical custody of the child[.]"

As noted, husband concedes that nothing in that statute requires a court to grant a credit against child support arrearages. Rather, the statute provides that the court "may" allow a credit against arreages under certain circumstances. See Pedroza and Pedroza, 128 Or App 102, 106, 875 P2d 478 (1994) (acknowledging court's authority to allow credit against child support arrearages for periods of time during which obligated parent has physical custody of child with knowledge and consent of custodial parent). The question is whether, on the facts of this case, the trial court erred in denying husband's request for credit. See Briggs v. Briggs, 178 Or 193, 204, 165 P2d 772 (1946) (discussing allowing credit against child support arrearages if equity so dictates under the circumstances).

At the time of the hearing in this case, husband's child and spousal support arrearage was almost $13,000. Since 1997, husband consistently has refused to comply with the support terms in the stipulated judgment of dissolution or in the stipulated modification. He acknowledges that the Oregon Department of Justice has advised him of its intent to suspend his driving privileges because of his failure to pay support and that wife previously has been forced to have him held in remedial contempt. Husband's persistent refusal to abide by any of the terms of agreements relating to support that he entered into voluntarily does nothing to advance his argument that equitable considerations compel allowing credit against his child support arrearages.[4] See Weber and

---

[3] Although the 2003 Legislative Assembly amended ORS 107.135(7), Or Laws 2003, ch 419, § 1; Or Laws 2003, ch 572, § 13a, those amendments do not affect our analysis in this opinion, and we thus refer to the current version of that statute.

[4] We note as well that, although husband had agreed to pay college costs and expenses for the parties' children in return for wife accepting spousal support less

*Weber*, 337 Or 55, 69, 91 P3d 706 (2004) (parties' own resolution of support issues entitled to great weight). Were this a situation in which husband was in arrears only for the support relating to the child who has lived with him since 2000, the equities might be different. On the facts of this case, the trial court did not err in denying husband's motion for credit against his support arrears.

Reversed and remanded for recalculation of child support; otherwise affirmed.

---

than the presumed amount, he acknowledged at the hearing that wife is paying costs and expenses for the child attending Texas A&M.